**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **:PATRICK: FERGUSON, MARY-L: FERGUSON, and FEDERAL JUDGE :DAVID-WYNN: MILLER,** | : | **Case 2:12-cv-06606-EL** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **CREDIT SUISSE FINANCIAL CORPORATION,** | : | |
| **Defendant.** | : | |

**ORDER**

**AND NOW**, on this _____________ day of _________________, 2013, upon consideration of Defendant's, Credit Suisse Financial Corporation ("CS" or Defendant "CS"), Motion To Dismiss under Fed.R.Civ.P. 12(b)(6), and any response thereto, it is hereby **ORDERED** and **DECREED** that that Defendant's Motion is **GRANTED** and Plaintiffs' Complaint is dismissed.

BY THE COURT:

_____________________________
, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **:PATRICK: FERGUSON, MARY-L: FERGUSON, and FEDERAL JUDGE :DAVID-WYNN: MILLER,** | : | **Case 2:12-cv-06606-EL** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **CREDIT SUISSE FINANCIAL CORPORATION,** | : | |
| **Defendant.** | : | |

**DEFENDANT'S CREDIT SUISSE FINANCIAL CORPORATION, MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6)**

Defendant, Credit Suisse Financial Corporation ("CS" or Defendant "CS"), by and through its counsel Eckert Seamans Cherin & Mellott, LLC, hereby file this Motion to Dismiss Plaintiffs' Complaint under Fed.R.Civ.P. 12(b)(6), for the reasons set forth in the accompanying Memorandum of Law.

**WHEREFORE,** Defendant CS respectfully requests the Court grant its Motion to Dismiss and dismiss Plaintiffs' Complaint. A proposed Order is attached hereto.

**Eckert Seamans Cherin & Mellott, LLC**

Dated: December 19, 2012

By: */s/ Anita J. Murray*
Dorothy A. Davis, Esquire
PA ID No.: 34958
U.S. Steel Tower, 44th Floor
600 Grant Street
Pittsburgh, PA 15219
412-566-5953 (phone)/412-566-6099 (fax)

Anita J. Murray, Esquire
PA ID No.: 84703

Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102
215-851-8395 (phone)/215-851-8383 (fax)
amurray@eckertseamans.com


Attorneys for Defendant,
Credit Suisse Financial Corporation

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **:PATRICK: FERGUSON, MARY-L: FERGUSON, and FEDERAL JUDGE :DAVID-WYNN: MILLER,** | : | **Case 2:12-cv-06606-EL** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **CREDIT SUISSE FINANCIAL CORPORATION,** | : | |
| **Defendant.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S CREDIT SUISSE FINANCIAL CORPORATION, MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6)**

Defendant, Credit Suisse Financial Corporation ("CS" or Defendant "CS"), by and through its counsel Eckert Seamans Cherin & Mellott, LLC, respectfully submit this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Complaint under Fed.R.Civ.P. 12(b)(6).

## I. STATEMENT OF FACTS

On November 26, 2012, Plaintiffs *pro se*, :Patrick: Ferguson, Mary-L: Ferguson, and Federal Judge :David-Wynn: Miller (collectively "Plaintiffs") commenced the present action with the filing of a Complaint. A true and correct copy of the filed Complaint is attached hereto as Exhibit A. The allegations contained in the Complaint are nearly impossible to discern. It

appears to have been written in "QUANTUM-LANGUAGE-PARSE SYNTAX-GRAMMAR", a style of communication created by Plaintiff Miller and unfamiliar to defense counsel.

The Complaint attempts to assert several causes of action, many or all of which cannot be understood by counsel. The Complaint references a mortgage and fraud.[1] The Complaint also refers to a search warrant, conviction, bail, jail, a wage loss claim of $1,059,660.00, and violations of "Titles 15, 18, 29, 42." See Exhibit A.

Attached to the Complaint is a portion of what appears to be a mortgage document which has been modified, presumably by Plaintiffs. Id. According to the partial mortgage document, the borrowers are Plaintiffs Ferguson and the lender is CS. See Exhibit A. The property allegedly secured by the mortgage is located at 528 Fort Washington Avenue, Fort Washington, Pennsylvania 19034. Id.

A Complaint must be clear and unambiguous enough to enable a defendant to reasonably respond and must be signed by the parties. Because Plaintiffs' Complaint is insufficient, Defendant CS now files the present Motion to Dismiss the insufficient Complaint.

## II. LEGAL ARGUMENT

### A. PLAINTIFFS' COMPLAINT MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(6) AND 8(a).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. Bell Atlantic Corp. v. Twombly, __ U.S. ___, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) where it fails to plead adequate facts to "state a claim to relief that is plausible on its face." Id, 127 S. Ct. at 1974. The Court must consider whether the factual allegations are adequate and rise above the speculative level. Id.,

---

[1] The Civil Cover Sheet identifies this matter to be an action based on the Truth-In-Lending Act, 15 U.S.C. §1601 et. seq. ("TILA").

127 S. Ct. at 1965. As such, all well-pleaded facts and allegations are accepted as true and viewed in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3rd Cir. 2008). The Court's consideration is limited to the facts averred in the Complaint, the exhibits attached to the Complaint, and matters of which judicial notice thereof is appropriate. Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2nd Cir. 1991).

In ruling on a motion to dismiss, a Court need not credit either bald assertions or legal conclusions contained in a complaint. Evancho v. Fischer, 423 F.3d 347, 351 (3rd Cir. 2005). Absent a factual basis, sweeping and unsupported conclusions of law cannot be utilized by plaintiff to defeat a motion to dismiss. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), cert. den., 112 S.Ct. 1475 (1992). "A plaintiff must allege facts in support of 'each material element necessary to sustain recovery under some actionable legal theory.'" Campagna v. Massachusetts Department of Environmental Protection, 334 F.3d 150, 155 (1st Cir. 2003), quoting, Dartmouth Review v. Dartmouth College, 889 F.3d 13, 16 (1st Cir. 1989).

As to how the claims should be presented in the Complaint, the Complaint must comply with Federal Rule of Civil Procedure 8(a). The Complaint must set forth "a short and plain statement" of the Court's jurisdiction, of the claims, and of the relief sought. Fed.R.Civ.P. 8(a)(2).

Plaintiffs' Complaint in this action does not comport to Rule 8. Plaintiffs' Complaint contains nothing more than a series of phrases and confusing punctuation, rendering it unintelligible. See Exhibit A. Defendant CS is unable to determine the nature of the claims asserted against it and the alleged supporting facts. Defendant CS is also unable to determine the nature of Plaintiff Miller's involvement as he is not a named borrower on the mortgage.

Plaintiffs' Complaint fails to set forth a claim upon which relief can be granted. Defendant CS respectfully requests this Court dismiss the Complaint under Fed.R.Civ.P. 12(b)(6) and 8(a).

**B. PLAINTIFF MILLER'S CLAIMS MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(6).**

Before a plaintiff can successfully state a cause of action against a defendant, that plaintiff "must demonstrate injury to himself by the parties whom he sues." Weiner v. Bank of King of Prussia, 358 F.Supp. 684, 690 (E.D. Pa. 1973); Article III, Section 2, Clause 1 of the U.S. Constitution; citations omitted. Moreover, only a borrower has the right to pursue a claim under the Truth-In-Lending-Act. Weiner v. Bank of King of Prussia, 358 F.Supp. 684, 692 (E.D. Pa. 1973)(...,"the Truth-in-Lending Act makes explicit that only a person to whom the duty of disclosure is owed can recover for breach of that duty..."); see also Chevalier v. Baird Savings Assoc., 66 F.R.D. 105 (E.D. Pa. 1975). "Loan transactions are contracts between the borrower and the lender" and the right to recover statutory damages is a personal right which runs to the borrower only. Weiner, 358 F.Supp. at 690-691.

The partial mortgage document attached to the Complaint only identifies Plaintiffs Ferguson as the borrowers. See Exhibit A. Plaintiff Miller is not identified as a borrower, yet he is named as a Plaintiff in the Complaint. Id. In accordance with the relevant legal principals, only Plaintiffs Ferguson, as the borrowers, have standing to assert any cause of action against Defendant CS related to their mortgage loan. Because Plaintiff Miller is not a borrower, he lacks standing to bring any claims against Defendant CS related to the subject mortgage. Therefore, the Plaintiff's Millers claims against Defendant CS must be dismissed.

### C. PLAINTIFFS' COMPLAINT MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 11.

Under Rule 11(a), every Complaint must be signed by the party personally if the party is representing itself. The Complaint must also include the signer's address, email address and telephone number. See Fed.R.Civ.P. 11(a). The Court may strike an unsigned or improperly signed pleading. Id. By signing the pleading, the part is representing to the Court, based on the best of the person's knowledge, information and belief and after diligent inquiry, the pleading is not presented for an improper purpose, for harassment, to needlessly increase litigation costs, the claims are warranted under existing law or are not frivolous, and the factual assertions have evidentiary support. Fed.R.Civ.P. 11(b).

Here, the Complaint fails to comply with Rule 11(a). The Complaint is allegedly only signed by Plaintiffs Patrick: Ferguson and Miller. It has not been signed by Plaintiff Mary-L: Ferguson. See Exhibit A. The Complaint also omits the Plaintiffs' addresses and telephone numbers. With the required signature and information missing, there is no assurance that the Complaint is being presented by the Plaintiffs in good faith. Accordingly, Defendant CS respectfully requests that this Court dismiss the defective Complaint.

## III. CONCLUSION

Therefore, for all of the foregoing reasons and arguments, Defendant, Credit Suisse First Boston, respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiffs' Complaint. A proposed Order is attached hereto.

**Eckert Seamans Cherin & Mellott, LLC**

Dated: December 19, 2012 By:___/s/ *Anita J. Murray*______________

Dorothy A. Davis, Esquire
PA ID No.: 34958
U.S. Steel Tower, 44th Floor
600 Grant Street
Pittsburgh, PA 15219
412-566-5953 (phone)/412-566-6099 (fax)

Anita J. Murray, Esquire
PA ID No.: 84703
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102
215-851-8395 (phone)/215-851-8383 (fax)
amurray@eckertseamans.com


Attorneys for Defendant,
Credit Suisse Financial Corporation

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **:PATRICK: FERGUSON, MARY-L: FERGUSON, and FEDERAL JUDGE :DAVID-WYNN: MILLER,** | : | **Case 2:12-cv-06606-EL** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **CREDIT SUISSE FINANCIAL CORPORATION,** | : | |
| **Defendant.** | : | |

**CERTIFICATE OF SERVICE**

I certify that a true copy of the attached Defendant's, Credit Suisse First Boston, Motion to Dismiss Plaintiffs' Complaint has been electronically filed with the clerk for the United States District Court for the Eastern District of Pennsylvania, using the Electronic Case Filing system of the Court and served on the following on December 19, 2012 via regular US Mail as follows:

:Patrick: Ferguson
Mary-L: Ferguson
528 Fort Washington Ave.
Fort Washington, PA 19034
Plaintiffs *pro se*

Federal Judge :David-Wynn: Miller
5166 North 63rd Street
Milwaukee, PA 53218
Plaintiff *pro se*

By: */s/Anita J. Murray*
Anita J. Murray, Esquire

# *EXHIBIT A*

$350 EL 12 6606

:David-Wynn:Miller.

:BONDED:

:C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE-FLAG.

:Patrick:Ferguson

In THE **DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE(D.-C.-F.-P.-V.-F.-C.-V.)** IN THIS **FEDERAL-COURT-BUILDING** OF THE **PENNSYLVANIA-TERRITORY** WITH THIS **DOCUMENT-CONTRACT-QUO-WARRANTO-COMPLAINT &: LIS-PENDENS-DOCUMENT.**

**:QUO-WARRANTO-COMPLAINT-DOCKET-DOCUMENT-NUMBER: 12 6606.**

**:CORPORATION-CASE-REGISTERED-MAIL-NUMBER:~RE581697565US.**

**:Patrick: Ferguson &: Mary-L.: Ferguson, [~528-~FORT-WASHINGTON-AVENUE,-~FORT-WASHINGTON,-~PENNSYLVANIA-~19034]** (HOME)
**:David-Wynn: Miller.** :FEDERAL-JUDGE-**CLAIMANT.**
[~5166-NORTH-~63-STREET,-~MILWAUKEE,-~**PENNSYLVANIA-~53218]** FOR THIS **CLAIMANT'S**-KNOWLEDGE OF THE QUALIFICATION &: CERTIFICATION OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR.
**:CLAIMANTS: :CONTEST-~VS.:**
**CREDIT SUISSE FINANCIAL CORPORATION-[~302-Carnegie-Center,-~Princeton,-~New-Jersey-~08540**
**["MERS"-VACATED BY THE ATTORNEY-GENERAL-~6-~NOV.-~2010]**
**:VASSALEE:**

FOR THIS CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR OF THE CLAIMANTS **ARE** WITH THIS QUO-WARRANTO-COMPLAINT AGAINST THE VASSALEE'S-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-EVIDENCE. FOR THE **Patrick: Ferguson's &: Mary-L.: Ferguson's**-GUARDIAN-CARETAKER-TRUSTEE-WAGES-CLAIM OF THE EQUITY: **$1,059,660.00** **ARE** WITH THE **THREE-HUNDRED-&: SIX-WEEKS**-LOCATION-LAND &: BUILDINGS-**~528-~FORT-WASHINGTON-AVENUE,-~FORT-WASHINGTON,-~PENNSYLVANIA-~19034,** BY THE **CLAIMANTS'**-TOTAL-GUARDIAN-TRUSTEE-CARETAKER-LABOR-WAGE-HOURS-SINCE-**~30-~MARCH-~2007**

**FOR THE WORD-TERMS OF THIS C.-S.-S.-C.-P.-S.-G.-NOW-TIME-VESSEL:**
**:DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE=D.-C.-F.-P.-V.-F.-C.-V.**
**:VASSALEE-(WORD-MEANING) VASSAL**=SERVANT OF THIS DOCUMENT, EE=PLOYEE OF THIS VESSEL.
**:C.-S.-S.-C.-P.-S.-G.** = :CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR.
**:D.-C.-C.** = FOR THE **DOCUMENT-CONTRACT-CLAIM OF THIS** DOCUMENT-VESSEL-FEDERAL-COURT-VENUE.
**:D.-C.-C.-S.** = FOR THE **DOCUMENT-CONTRACT-CLAIMS-SECTION,** OF THIS PARSE-SYNTAX-GRAMMAR-COMMUNICATION-WORD-CORRECTIONS **ARE** WITH THE CORRECTION-CLAIM OF THE FRAUDULENT-FEDERAL-**TITLES-PARSE-SYNTAX-GRAMMAR** and: **FEDERAL-CODES-FRAUDULENT-PARSE-SYNTAX-GRAMMAR** WITH THE SYNTAX-CORRECTIONS OF THE **C.-S.-S.-C.-P.-S.-G.-NOW-TIME-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE-DOCUMENT.**
**:DOCUMENT-VESSEL** = FOR THE FEDERAL-COURT-VENUE-CLERK-DOCKETING OF A DOCUMENT-CONTRACT-VESSEL-PAPER IS WITH THE CORPORATION-CLAIM BETWEEN THE TWO-OR-MORE-PERSONS WITH THE FEDERAL-COURT-VENUE-DOCUMENT-PORTING-STAMP BY THE **FEDERAL-COURT-VENUE-DOCUMENT-CLERK.**
**:DOCUMENT-STATE:** = FOR THE CORPORATION OF THE TWO-OR-MORE-PERSONS **ARE** WITH THE PORTING-CLAIM WITH THE FEDERAL-COURT-VENUE-PORT-CLERK BY THIS DOCUMENT-VESSEL.
**:NOW-TIME-TENSE** = **:C.-S.-S.-C.-P.-S.-G.**
**:CONJUNCTION:** &=and: = ALSO, COMMAND; or: = OPTION, EITHER.
**:FRAUDULENT** = :FICTION, MODIFICATION, OPINION, *PRESUMPTION, ASSUMPTION,* ILLUSION, FRAUD, MISLEADING.
**:LODIAL =[ARTICLE]** FOR THE **SPECIFIC** = A, AN, THE, THIS, THESE, THROUGH.
**:POSITION** = FOR, OF, WITH, BY, IN, AS, ON, WITHIN. FOR THE POSITIONAL-LODIAL-FACT-PHRASE OF THE CORRECT-SYNTAX-COMMUNICATION-PHRASE **IS** WITH THE CLAIM OF A FACT.
**:VASSALEE** = FOR THE **SERVANT**-EMPLOYEE OF THIS COMPLAINT-DOCUMENT.
**:VOLITION** = FOR THE **CLAIMANTS'**-KNOWLEDGE OF THE FACTS **IS** WITH THE MOTION-CLAIM OF THE THINKING WITH THE **C.-S.-S.-C.-P.-S.-G.**-NOW-TIME-**D.-C.-F.-P.-V.-F.-C.-V.**
:PARSE-SYNTAX-GRAMMAR: FOR THE WORD-MEANINGS OF THE PLACMENT **ARE** WITHIN THE CORRECT-SENTENCE-STRUCTURE-COMMUNICATION PARSE-SYNTAX-GRAMMAR BY THE SENTENCE-MEANING
**:VERB-SYNTAX: IS**=SINGULAR-SYNTAX-TENSE, **ARE**=PLURAL-SYNTAX-TENSE, THINKING-MOTION.

FOR THE COPYCLAIM-COPYRIGHT-~6-~NOVEMBER-~2012, BY THIS FEDERAL-JUDGE: David-Wynn: Miller and: CLAIMANTS: **Patrick: Ferguson &: Mary-L.: Ferguson** OF THE D.-C.-F.-P.-V.-F.-C.-V.. ~RE581697565US


**~A FOR THIS STATEMENT OF THE CLERK'S-CONTRACT AS AN AUTHORITY-C.-S.-S.-C.-P.-S.-G.-JUDGE IS WITH THE C.-S.-S.-C.-P.-S.-G.-STATEMENT-CLAIM BY THESE CONSTITUTIONAL-TERMS.**

**~B** FOR THE **TITLE--~28: DOCUMENT-CONTRACT-CLAIMS-SECTION--~1331** OF THE **C.-S.-S.-C.-P.-S.-G.**-COMPLIANCE-CLERK'S-DUTIES **ARE** WITH THE **C.-S.-S.-C.-P.-S.-G.**-DOCKING-PAPER-VESSEL-VENUE-TITLE-NAME: **DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE** WITH THE **C.-S.-S.-C.-P.-S.-G.**-QUO-WARRANTO-COMPLAINT-CLAIM OF THIS CORPORATION-CASE-NUMBER:**~RE581697565US,** WITH AN **C.-S.-S.-C.-P.-S.-G.**-AUTHORITY: **TITLE--~28: D.-C.-S.--~1361** ON THE **C.-S.-S.-C.-P.-S.-G.**-DOCUMENT-CONTRACT-POSTAL-VESSEL-DOCUMENT-COURT-VENUE-CLERK AND WITH THE CONTRACT-CLAIM-FAULT-COMMAND-CLERK-JUDGE BY THIS CONTRACT-DOCKETING-**D.-C.-F.-P.-V.-F.-C.-V.**-FEE-PAID: $350.00, WITH THE CLERK'S-SEAL ON THE SUMMONS WITH THE CORRESPONDENCE-TO THE CLERK'S-COURT-VENUE WITH THE CONTRACT-CONSTITUTIONAL-TERMS BY THIS CONTRACT-DUTY.

**~C** FOR THE FAILURE OF THE **C.-S.-S.-C.-P.-S.-G.**-CORRESPONDENCE-BACK **IS** WITH THE FAULT-DOCUMENT-CONTRACT-CLAIM OF THE TWENTY-ONE-DAYS-GRACE-TIME-LIMIT WITH THE THREE-DAY-MAIL-GRACE-TIME OR: WITH THE **D.-C.-F.-P.-V.-F.-C.-V.** OF AN OATH-FAILURE WITH THE **C.-S.-S.-C.-P.-S.-G.**-CORRESPONDENCE WITH THE CLERK OF THE DOCUMENT-CONTRACT-POSTAL-VESSEL-FEDERAL-COURT-VENUE AS AN ELECTED-POSTMASTER-BANKER-JUDGE WITHIN THE FEDERAL-POSTAL-VESSEL-STAMP-AUTOGRAPHING-CONTRACT-AUTHORITY AS THE HEREIN-NOW-TIME-FEDERAL-JUDGE WITH THE CONTRACT-AUTHORITY AND: CONTRACT-HEREIN-POWERS OF THE **C.-S.-S.-C.-P.-S.-G.**-CORRESPONDENCE WITH THE David-Wynn: Miller OF THE **D.-C.-F.-P.-V.-F.-C.-V.**

**~D** FOR THE **C.-S.-S.-C.-P.-S.-G.**-CORRESPONDENCE-OATH OF THE CONTRACT-DOCKETING-DOCUMENT-STAMP-CLAIM **IS** WITH THE FEDERAL-JUDGE'S-OATH-FEES-PAID: $46.00, WITHIN THE SAN-DIEGO-FEDERAL-COURT-VENUE: FEDERAL-JUDGE-OATH-DOCUMENT AND: FEDERAL-JUDGE-TREATY-DOCKETING-NUMBER: **MC 12-00045.**

**~E FOR THE CONSTITUTIONAL-DOCUMENT OF THE D.-C.-F.-P.-V.-F.-C.-V.-RULES ARE WITHIN THESE C.-S.-S.-C.-P.-S.-G.-VESSEL-D.-C.-F.-P.-V.-F.-C.-V.-CLAIMS** BY THE **DOCUMENT-QUO-WARRANTO-COMPLAINT.**

**~F FOR THE D.-C.-F.-P.-V.-F.-C.-V.-CONSTITUTIONAL-DOCUMENT OF THE CORRECT-CONTRACT-CLAIMS ARE WITH THE C.-S.-S.-C.-P.-S.-G. OF THE D.-C.-F.-P.-V.-F.-C.-V.-CLAIMS:**

**:DOCUMENT-CLAIM--~1:** FOR THE COMMUNICATION-FACTS OF THE **C.-S.-S.-C.-P.-S.-G. ARE** WITH THE FACT-AS-FACT-CLAIM BY THE **C.-S.-S.-C.-P.-S.-G.- D.-C.-F.-P.-V.-F.-C.-V.**

**:DOCUMENT-CLAIM--~2:** FOR THE JUDGE'S-WRITTEN-CONTRACT OF THE FACTS **IS** WITH THE **C.-S.-S.-C.-P.-S.-G.**-CLAIMS OF THE NOW-TIME-CONTINUANCE-EVIDENCE-CLOSURE WITH THE CORRECTION OF THE WRONG-WORD-MEANINGS WITH THE SENTENCE-STRUCTURE-VIOLATIONS-CLAIMS OF THE TITLE--~18: D.-C.-C.-S.--~1001: FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION and: TITLE--~15: D.-C.-C.-S.--~1692--~e WITH THE FRAUD-WRITINGS and: MISLEADING-STATEMENTS WITH THE FRAUD-PENALTY-FINES: TITLE--~15: D.-C.-C.-S.--~78--~ff(**$25-MILLION-DOLLARS**) BY THE VASSALEES.

**:DOCUMENT-CLAIM--~3:** FOR THE PERSON'S-**C.-S.-S.-C.-P.-S.-G.**-KNOWLEDGE OF THE CORRECT-FACTS **ARE** WITH THE CLAIMS OF THE SPEECH, WRITINGS, FAITHS, PRESS, DOCUMENT-PORTING WITH THE GRIEVANCES IN THE **C.-S.-S.-C.-P.-S.-G.**-ORIGINAL-VENUE-FEDERAL-COURT-VENUE.

**:DOCUMENT-CLAIM--~4:** FOR THE CORPORATION-CASE OF THE **D.-C.-F.-P.-V.-F.-C.-V. IS** WITH THE **C.-S.-S.-C.-P.-S.-G.**-CLAIMS BY THE PERSON'S-LODIAL-VOLITION.

**:DOCUMENT-CLAIM--~5:** FOR THE **D.-C.-F.-P.-V.-F.-C.-V.**-CONSTITUTION OF THE FACTS **ARE** WITH THE CLAIMS BY THE PERSON'S-**C.-S.-S.-C.-P.-S.-G.**-KNOWLEDGE.

**:DOCUMENT-CLAIM--~6:** FOR THE CLAIM OF THE **C.-S.-S.-C.-P.-S.-G.**-CAPTURE-WARRANT or: **C.-S.-S.-C.-P.-S.-G.**-SEARCH-WARRANT **IS** WITH AN AUTOGRAPH OF THE JUDGE WITH THE **C.-S.-S.-C.-P.-S.-G.**-OATH BY THE **C.-S.-S.-C.-P.-S.-G.**-AUTHORITY-DUTY.

**:DOCUMENT-CLAIM--~7:** FOR THE WITNESSING-PERSON OF THE WITNESS'S-TESTIMONY **IS** WITH THE PERSON'S-**C.-S.-S.-C.-P.-S.-G.**-KNOWLEDGE-CLAIM BY THE PERSONAL-SELF-CLAIMS.

**:DOCUMENT-CLAIM--~8:** FOR THE CLAIMANTS'-KNOWLEDGE OF THE **C.-S.-S.-C.-P.-S.-G.**-FACTS **IS** WITH THE CLAIMANTS'-CLAIM OF THE CORRECT-NOW-TIME-EVIDENCE-FACTS.

**:DOCUMENT-CLAIM--~9:** FOR THE **C.-S.-S.-C.-P.-S.-G.**-TWELVE-PERSON-KNOWLEDGE BY THE **C.-S.-S.-C.-P.-S.-G.**-CLAIMS **ARE** WITH THE **C.-S.-S.-C.-P.-S.-G.**-TRIAL BY THE COURT.

**:DOCUMENT-CLAIM--~10:** FOR THE TERMS OF THE CONVICTION-PERSON'S-PUNISHMENT **IS** WITH THE **C.-S.-S.-C.-P.-S.-G.**-CLAIMS OF THE BAIL-CONDITIONAL-TERMS, FINANCIAL-TERM-FINES and/or: JAILING-TERMS WITH THE **D.-C.-F.-P.-V.-F.-C.-V.**



**:DOCUMENT-CLAIM-~11**: FOR THE FEDERAL-COURT-VENUE-FIDUCIARIES OF THE DOCUMENT-FACTS **ARE** WITH THE DUTY-CLAIM or: ELECTION-CLAIM BY THE **C.-S.-S.-C.-P.-S.-G.**-OATH OF THE **D.-C.-F.-P.-V.-F.-C.-V.**

**:DOCUMENT-CLAIM-~12**: FOR THE VESSEL-DOCUMENT OF THE DOCUMENT-CONTRACT-HEREIN **IS** WITH THE CLOSURE-CLAIM OF THE VOLITION WITH THE DOCUMENT, CONSTITUTION, DOCUMENT-CONTRACT-CORPORATION and: PERSONS'-TRUST-DOCUMENTS.

**:DOCUMENT-CLAIM-~13**: FOR THE JUDGE'S-KNOWLEDGE OF THE CONSTITUIONAL-TERMS **IS** WITH THE CORPORATION-CASE-CLAIM OF THE POSTAL-TERRITORY-DOCUMENT-FEDERAL-COURT-VENUE WITH THE CORRECTING-PARSE-SYNTAX-GRAMMAR-WRONGS BY THE **C.-S.-S.-C.-P.-S.-G.**

## FOR THE CAUSES OF THE QUO-WARRANTO-COMPLAIMT-CONTRACT:

**~1** FOR THE CLAIMANTS'-KNOWLEDGE OF THE **VASSALEES'**-EVIDENCE **ARE WITH THE C.-S.-S.-C.-P.-S.-G.-CLAIM** OF THE STOPPING-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-DOCUMENT-**EVIDENCE** WITH THE **FOUR-TIMES-EQUITY-DAMAGES** OF THE **CLAYTON-ACT(1914)** WITH THE **D.-C.-F.-P.-V.-F.-C.-V.-AUTHORITY** BY THIS **QUO-WARRANTO-COMPLAINT-CONTRACT**.

**~2** FOR THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-ONE-THOUGHT AND: ONE-AUTHORITY-VENUE OF THE ONE-NOW-TENSE-TIME **IS** WITH THE PLEADING-CLAIMS BY THE **D.-C.-F.-P.-V.-F.-C.-V.**

**~3** FOR THE CLAIMANTS'-KNOWLEDGE OF THE CLOSURE-CLAUSES: **D.-C.-C.-~26-~e: CLOSURE**-PORTING OF THE **D.-C.-C.-~60-~b: CLOSURE-EVIDENCE ARE** WITH AN AUTHORITY OF THE **TITLE-~42: D.-C.-C.-S.-~1986** WITH THE **C.-S.-S.-C.-P.-S.-G.**-KNOWLEDGE OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DAMAGE BY THE VASSALEES'-DOCUMENTS.

**~4** FOR THE CLAIMANTS'-KNOWLEDGE OF THE FACTS **ARE** WITH THE EQUITY-LABOR-WAGES-LOSS-CLAIM OF THE GUARDIAN-CARETAKER-TRUSTEE-WAGES-DUE: **$1,059,660.00**, WITH THE BUILDING and: LAND-LOCATION-**~528-~FORT-WASHINGTON-AVENUE,-~FORT-WASHINGTON,-~PENNSYLVANIA-~19034**, WITH THE START-TIME-DATE-~**30-~MARCH-~2007**, THROUGH THE NOW-TIME-GUARDIAN-TRUSTEE-CARETAKER-UPKEEP-~2012, WITH THE PAYMENT-NOW-DUE OF THE TRUSTEE-EMPLOYMENT-EQUITY-WAGES WITH THE TWENTY-FOUR-HOURS-PER-DAY-EVERYDAY-TRUSTEE-GUARDIAN-CARETAKER-TRUSTEE-DUTY OF THE **PENNSYLVANIA**-STATE-LABOR-MINIMUM-WAGE-RATE BY THE **Patrick: Ferguson &: Mary-L.: Ferguson.**

**~5** FOR THE SECURITY OF THE **C.-S.-S.-C.-P.-S.-G.**-FACTS **ARE** WITH THE EQUITY-CLAIMS OF THE CORPORATION-CASE-NUMBER WITH AN AUTHORITY-VENUE OF THE FEDERAL-COURT-VENUE WITH THE DOCUMENT-CONTRACT-CORPORATION BY THE **D.-C.-F.-P.-V.-F.-C.-V.**

**~6** FOR THE CLAIMANT-FEDERAL-JUDGE: David-Wynn: Miller's-KNOWLEDGE OF THE **C.-S.-S.-C.-P.-S.-G.**-EVIDENCE-FACTS **ARE** WITH THE CORRECT-VOLITION-CLAIM OF THE SUMMARY-CORRECTION-AUTHORITY: **TITLE-~42: D.-C.-C.-S.-~1986** WITH THE WRONG-PARSE-SYNTAX-GRAMMAR-COMMUNICATIONS BY THE HEREIN-BONDED-VASSALEE'S-DOCUMENT-EVIDENCE.

**~7** FOR THE C.-S.-S.-C.-P.-S.-G.-CLAIMANTS'-SALVAGE-CLAIM: **TITLE-~46: D.-C.-C.-S.-~781** OF THE LAND and: BUILDING **IS** WITH AN AUTHORITY-VENUE-CLAIM OF THE **D.-C.-F.-P.-V.-F.-C.-V.** WITH THE VOID-COMMUNICATION-CLOSURE-EVIDENCE OF THE VASSALEES'-VOLITION-'MORTGAGE'-DOCUMENT-STYLES.

**~8** FOR THE VASSALEE'S-WRITTEN-EVIDENCE BY THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-**PENNSYLVANIA**-FEDERAL-HOUSING-AUTHORITY: 'MORTGAGE' **ARE** WITH THE PHYSICAL-EVIDENCE-DAMAGE-CLAIMS OF THE '**MORTGAGE**-DOCUMENT' WITH THE TITLE-~15: D.-C.-C.-S.-~1692-E, WITH THE KNOWLEDGE OF THE FRAUD and: MISSLEADING-STATEMENT-DOCUMENTS WITH THE FRAUD-CAPTURE OF THE **CLAIMANTS'**-LAND and: BUILDING BY THE VASSALEES.

**~9** FOR THE WORDS OF AN ADVERB-MODIFICATIONS **ARE** WITH THE USE OF THE SINGLE-[**PRE**]POSITION and: SINGLE-LODIAL-[ARTICLE] AS AN ADVERB-SYNTAX-WORD-MODIFIER WITH THE VOID OF THE POSITIONAL-LODIAL-FACT-PHRASE WITH THE **SINGLE-WORD-MODIFIER** AS THE: **A, AS, AT, AM, BECAUSE, BEFORE, BEGIN, BUT, BY, CAN, COME, COULD, DO, DOES, FROM, HE, HER, HIS, IN, JUST, OF, OVER, IT, HAS, HOW, MUCH, NO, NOT, PUT, RE, SO, SHE, SHOULD, SOME, SUCH, THAT, THAN, THE, THEY, THEIR, THEM, THEN, TO, THIS, THOSE, THROUGH, UNDER, USE, WANT, WAS, WE, WHEN, WHAT, WHERE, WITH, WITHOUT, WITHIN, WHO, WHOM, WOULD, YOU, YOUR**, INTO THE VERB-FICTION-FRAUDULENT-LAW and:/or: VERB-FICTION-FRAUDULENT-FACT WITH THE **PREFIX = FUTURE-TIME = 'TO', 'PRE'** and: **SUFFIX = PAST-TIME: ED, FROM** WITH THE VIOLATION OF THE NOW-TIME.



**~10** FOR THE SENTENCE-STRUCTURES-VIOLATIONS OF THE 'MORTGAGE'-EVIDENCE **ARE** WITH THE PRESUMPTIONS, ASSUMPTIONS, OPINIONS, AILING, FRAUDULENT and: MODIFICATIONS-WORDS BY THE VASSALEES WITHIN THE **D.-C.-F.-P.-V.-F.-C.-V.**

**~11** FOR THE NEGATIVE-WORD-VOLITIONS: (NEGATIVE, NOT, WITHOUT, NO,) ARE WITH THE DAMAGE-CLAIM AS THE MODIFICATIONS-VOLITION WITH THE VACATING-CLAIMS OF THE CORRECT-NOTIFICATIONS WITH THE VASSALEES and: CLAIMANTS OF THE DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE.

**~12** FOR THE VOID-CLOSURE OF THE VASSALEE'S-WRONG-WORD-MEANINGS WITH THE SENTENCE-STRUCTURES **ARE** WITH THE VIOLATIONS-CLAIMS OF THE TITLE-~18: D.-C.-C.-S.-~1001: FRAUDULENT-SYNTAX-COMMUNICATION-GRAMMAR and: TITLE-~15: D.-C.-C.-S.-~1692-~e WITH THE FALSE-WRITINGS and: MISLEADING-STATEMENTS WITH THE FRAUD-PENALTY-FINES: TITLE-~15: D.-C.-C.-S.-~78-~ff($25-MILLION-DOLLARS) BY THE VASSALEES.

**~13** FOR THE CLAIMANTS'-KNOWLEDGE OF THE FACTS **ARE** WITH THE DAMAGE-CLAIMS OF THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-VOLITION-PERJURY and: ILL-WILLS WITH THE **TITLE-~18: D.-C.-C.-S.-~1621**: PERJURY OF AN OATHS, FICTION-OPINION-JUDGEMENTS, FICTION-OPINION-NOTIONS and: FICTION-OPINION-MOTIONS BY THE VASSALEES.

**~14** FOR THE VIOLATIONS OF THE **TITLE-~18: D.-C.-C.-S.-~641 IS** WITH THE DAMAGE-CLAIMS OF THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-FRAUDS, MONETARY-WAGES, PAYMENT-WAGES, COMMERCE-WAGES or: CRIMINAL-ACTS WITH THE PUBLIC-TAX-FUND AS THE VASSALEE'S-SALARY WITH THE FRAUD-GRAMMAR-DOCUMENT-PLEADINGS BY THE VASSALEES.

**~15** FOR THE CLAIMANTS'-KNOWLEDGE OF THE TRUSTEE-GUARDIAN-CARETAKER'S-WORKING-WAGE-EQUITY WITHIN THE MINIMUM-WAGE OF THE PENNSYLVANIA-STATE-RATES **ARE** WITH THE 8700-HOURS-PER-YEAR-CLAIM OF THE YEARS-~**30-~MARCH-~2007**, THROUGH THE CURRENT-DATE WITH THIS DOCUMENT-FILE-STAMP-CLOSURE AS THE GUARDIAN-TRUSTEE-CARETAKER-DUTIES WITH THE PARSE-SYNTAX-GRAMMAR-'MORTGAGE'-DOCUMENTS BY THE VASSALEES.

**~16** FOR THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-WORD-OPERATIONS OF THE FRAUDULENT-SENTENCE-STRUCTURES **ARE** WITH THE DOCUMENTED-EVIDENCE-CLAIMS OF THE WRITTEN-VOLITIONS, PLEADINGS, NOTIONS, ORDERS, MOTIONS, CLAIMS, and: JUDGEMENTS WITH THE DOCUMENTS BY THE DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE.

**~17** FOR THE BREACH OF THIS D.-C.-F.-P.-V.-F.-C.-V.-CORPORATION-CASE **IS** WITH THE TITLE-~42: CHAPTER-~16: D.-C.-C.-S.-~12182: BIAS and: HANDICAPPING-COMMUNICATIONS-DISABILITIES-ACT THROUGH THE BREACHES OF THE **TITLE-~29: DOCUMENT-CLAIMS, :CHAPTER-~16: SECTION-~701-~c-~2**, WITH THE POLICY OF AN EQUAL-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-DUTY-DOCUMENT WITHIN THE TITLE-~42: D.-C.-C.-S.-~1986: KNOWLEDGE and: CORRECTING BY THE D.-C.-F.-P.-V.-F.-C.-V.

**~18** FOR THE DOCUMENT-CLAIMS OF THE D.-C.-F.-P.-V.-F.-C.-V. **ARE** WITH THE CLOSURE-CLAIMS OF THE ONE-VENUE-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-RULE WITH THIS FRAUDULENT-SYNTAX-GRAMMAR-EVIDENCE BY THE **D.-C.-F.-P.-V.-F.-C.-V.**

**~19** FOR THE FRAUDULENT-USE OF THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-WORD-MODIFICATIONS **ARE** WITH THE DAMAGE-CLAIMS OF THE FACTS AS THE GERUND-VERBS, PRONOUNS or: ADJECTIVES WITH THE PERJURY OF THE **D.-C.-F.-P.-V.-F.-C.-V.**-OATH.

**~20** FOR THE FEDERAL-JUDGE AS THE SAFEGUARDING-WITNESS **IS** WITH THE DAMAGE-CLAIM OF THE COMMUNICATION-DISABILITY-KNOWLEDGE or: HANDICAPPING-COMMUNICATION-FRAUDS BY THE VASSALEES BY THIS FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATIONS.

**~21** FOR THIS FEDERAL-JUDGE: David-Wynn: Miller's-KNOWLEDGE OF THE **TITLE-~42: D.-C.-C.-S.-~1986 IS** WITH THE IDENTIFICATION-CLAIM OF THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-NUMBERING-KEY-CODED-WORDS(TIGHT-SPACE) WITH THE 'MORTGAGE'-SYNTAX-GRAMMAR-EVIDENCE-FRAUD OF THE VASSALEES'-DOCUMENTS BY THE **D.-C.-F.-P.-V.-F.-C.-V.**-CORPORATION-CASE.

**~22** FOR THE CLAIMANTS'-DOCUMENTS OF THE **C.-S.-S.-C.-P.-S.-G. ARE** WITH THE NOW-TIME-FACTS OF THE POSITIONAL-LODIAL-FACT-PHRASES, LODIAL-[ARTICLE], and: VERBS: **IS=SINGLAR**, and: **ARE=PLURAL**, WITH THE SINGLE-IDEA-CONTENT-SENTENCES BY THIS DOCUMENT'S-CLOSURE-FACTS.

**~23** FOR THE C.-S.-S.-C.-P.-S.-G.-FEDERAL-ATTORNEY-GENERAL-KNOWLEDGE OF THE **D.-C.-F.-P.-V.-F.-C.-V. ARE** WITH THE EQUITY-CLAIMS OF THE DOCUMENT-EVIDENCE-AUTHORITY-FILING WITH THE THIRTY-FIVE-PERCENT-ROYALTY-PORTION OF THE **C.-S.-S.-C.-P.-S.-G.**-FEDERAL-ATTORNEY-GENERAL-COVERY-EQUITY-DAMAGES.

**~24** FOR THE GOVERNMENT-SPENDING-CONTRACTS OF THE (new)FEDERAL-POSTAL-SERVICE-TREASURY-GOVERNMENT-[~2-~FEBRUARY-~2000] **ARE** WITH THE CLOSURE-COVERY-CLAIM OF THE FEDERAL-POSTAL-SERVICE-GOVERNMENT-GUISE WITH THE COVERY OF THE FALSE-CLAIMS-ACT.

**~25** FOR THE HANDICAPPING-VICTIM-PERSON OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-'MORTGAGE'-WRITING **IS** WITH THE DISABILITY-ACT-VIOLATION-CLAIM OF THE HANDICAPPING-CAUSE WITH THE NOTION and: MOTION BY THAT PERSON'S-CLOSURE-CONTEMPT, APARTHEID, BIAS, CONTRACT-TREASON and/or: RAPE WITH THE [UNITED STATES DISTRICT COURT-OPINION-CLAIMS or: ORDERS] BY THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENTS.

**~26** FOR THE FRAUD-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-EVIDENCE OF THE COMMUNICATION-'MORTGAGE'-ILLUSION **IS** WITH THE DAMAGE-CLAIM OF THE PERJURY, BANK-FRAUD and: MONEY-THEFT BY THE 'MORTGAGE' WITH THE FICTION-LOAN-NUMBER BY THE CRIMINAL-EQUITY-DAMAGE-CLAIM OF THE **TITLE-~15: D.-C.-C.-S.-~1692-~e** BY THE FRAUD and: MISLEADING-STATEMENT-DAMAGES: **TITLE-~15: D.-C.-C.-S.-~78-~ff,**[CRIMINAL-PENALTIES OF THE $25-MILLION-DOLLARS] BY AN ATTORNEY-GENERAL-**C.-S.-S.-C.-P.-S.-G.**-FALSE-CLAIMS-ACT-TASK-FORCE.

**~27** FOR THE CLAIM OF THE FEDERAL-COURT-VENUE-CORPORATION **IS** WITH AN ORIGINAL-PORT-FEDERAL-COURT-VENUE OF THE SAME-LEVEL-PLANE WITH AN ORIGINAL-AUTHORITY-VENUEAL-LAW OF THE DOCUMENT-CONTRACT-CORPORATION-FLAG WITH THE CONSTITUTION OF AN OPERATIONAL-CLAIM WITH AN EVIDENTIAL-CLAIMS OF THE **C.-S.-S.-C.-P.-S.-G.**-FACT AS THE FACT WITH THE CORRECT-NOW-TIME-POSITIONAL-PHRASES OF THE CLOSURE WITH THE **C.-S.-S.-C.-P.-S.-G.**-DOCUMENT-CORRECTIONS BY THE VASSALEES.

**~28** FOR THE TITLE-**~42: D.-C.-C.-S.-~1985-~1** OF THE TWO-OR-MORE-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-FILINGS **ARE** WITH THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-CLAIMS OF THE CONSPIRACY BY THE VASSALEES WITH THE CROSS-CLAIMS OF THIS CRIMINAL-CODE: **TITLE-~18: D.-C.-C.-S.-~241**: CONSPIRACY WITH THE VASSALEES'-DOCUMENTS OF THE FRAUDULENT-FEDERAL-COURT-VENUE-ORDERS OF AN ADVERB-VERB-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-FICTION-GRAMMAR AS THE FICTION-GUISE BY THE VASSALEE-JUDGE'S-EVIDENCE.

**~29** FOR THE **TITLE-~42: D.-C.-C.-S.~~1985-~2** OF AN OBSTRUCTING-FEDERAL-COURT-VENUE-GUISE **IS** WITH THE MODIFICATION-VOID-LAW OF AN FRAUDULENT-WORD-MEANING WITH AN FRAUDULENT-WORD-TERMS WITH THE FICTION-OPINION, MODIFICATION, PRESUMPTION, ASSUMPTION and: APARTHEID AGAINST THE CLAIMANTS BY THE VASSALEES'-DOCUMENTS.

**~30** FOR THE CLAIMANTS'-EVIDENCE OF THE FRAUD-SYNTAX-GRAMMAR-DOCUMENTS **ARE** WITH THE DAMAGE-CLAIM OF THE **TITLE-~42: D.-C.-C.-S.-~1985-~3** WITH THE STOPPING or: BLOCKING-PLEADINGS OF THE FACTUAL-FRAUDULENT-'MORTGAGE': BANK-'MORTGAGE'-DOCUMENT.

**~31 FOR THE C.-S.-S.-C.-P.-S.-G.-FALSE-CLAIMS-ACT: TITLE-~31: D.-C.-C.-S.-~3729-THROUGH-~3733: PARSE-SYNTAX-GRAMMAR-CORRECTIONS:**

**~32** FOR THE FRAUDULENT-USES OF THE PREFIX-PARSE-WORDS **ARE** WITH THE NEGATIVE-CLAIM OF THE **PREFIXES: A, AB, AC, AD, AF, AM, AN, AP, AR, AS, AT, DE, DIS, EM, EN, ES, EX, IM, IN, MAL, MIS, NE, NO, NON, NOR, OB, OC, OP, OF, PRE, PRO, PRI, PRU, RE, SI, SUB, TO, UN**, or: WITH THE MODIFICATION-FACTS BY AN ADVERB or: ADJECTIVE-MODIFICATION OF THE **TITLE-~18: D.-C.-C.-S.-~1001** WITH THE FICTITIOUS-PARSE-SYNTAX-GRAMMAR BY THE FEDERAL-JUDGE'S-KNOWLEDGABLE-SUMMARY-PORTING-**C.-S.-S.-C.-P.-S.-G.**-CLAIM.

**~33** FOR THE FACTUAL-EVIDENCE OF THE VASSALEES'-WRITINGS-SKILLS **ARE** WITH THE VASSALEES'-DOCUMENT-CLAIMS OF THE FRAUDULENT-WRITING-LAW-TESTS BY THE LAW-SCHOOLS and BY THE STATE-TESTING-BOARDS WITH THE GRADUATION-PERSONS: ATTORNEYS and: LAWYERS WITH THE VOID-**C.-S.-S.-C.-P.-S.-G.**-SKILLS BY THE READING or: WRITING-DAMAGE.

**~34** FOR THE C.-S.-S.-C.-P.-S.-G.-FALSE-CLAIMS-ACT: FALSE-TAKING: TITLE-~18: D.-C.-C.-S.-~641 OF THE D.-C.-F.-P.-V.-F.-C.-V. **ARE** WITH THE DAMAGE-CLAIMS OF THE FRAUD-CONTRACT-PERFORMANCES OF THE VASSALSEE'S-WRITTEN-CONTRACTS and: WITH THE C.-S.-S.-C.-P.-S.-G.-CORRECTIONS BY THE D.-C.-F.-P.-V.-F.-C.-V.

**~35** FOR THE C.-S.-S.-C.-P.-S.-G. OF THE LAWSUIT-CONSTRUCTION **IS** WITH THE CLAIMANTS'-KNOWLEDGE OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-EVIDENCE OF THE THIRTY-FIVE-PERCENT-CONFESSION-FINDERS-FEE WITH THE FRAUDULENT-BANKING-DOCUMENTS BY THE VASSALEES.

**~36** FOR THE C.-S.-S.-C.-P.-S.-G.-FALSE-CLAIMS-ACT OF THE C.-S.-S.-C.-P.-S.-G.-CHANGES **ARE** WITH THE CORRECTION-CLAIM OF THE FALSE-PARSE-SYNTAX-GRAMMAR-STATEMENTS WITH AN EQUITY-DAMAGE OF THE EQUITY-MATERIALS-TAKEN WITH THE CLAIMANTS'-CERTIFICATION BY THE VASSALEES'-WRONG-DOER'S-PERSONAL-CONFESSION-DOCUMENTS.

**~37** FOR THE C.-S.-S.-C.-P.-S.-G.-FALSE-CLAIMS-ACT OF THE CORPORATION-CASE **ARE** WITH THE AN AMERICAN-LAW-CLAIM OF THE LIABILITY WITH THE PERSONS and:/or: COMPANY OF THE FEDERAL-CONTRACTOR WITH THE FEDERAL-COURT-VENUES and: JUDGES-WAGE-PAYMENTS BY THE PORT-AUTHORITIES OF THE FEDERAL-CORPORATION-FEDERAL-POSTAL-SERVICE WITH THE VOLITION OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR and: FITICIOUS-GRAMMAR: TITLE--~18: D.-C.-C.-S.--~1001, TITLE--~15: D.-C.-C.-S.--~1692-E: FRAUD and: MISLEADING-SYNTAX-GRAMMAR-STATEMENTS, and: MONEY-PENALTIES: TITLE--~15: D.-C.-C.-S.--~78--~FF WITH THE FRAUDULENT-SYNTAX-GRAMMAR-COMMUNICATION-PENALTIES OF THE MAIL-FRAUD: TITLE--~18: D.-C.-C.-S.-~1341 WITH THE MONEY-TORT BY THE DOCUMENT-FEDERAL-COURT-VENUE-JUDGE and:/or: BANKING-FRAUD-DOCUMENTS WITH THE TITLE--~18: D.-C.-C.-S.--~242: [DE]PRIVATION OF THE RIGHTS WITH THE COLORING OF THE LAWS WITH THE PUBLICATION OF THE TITLE--~42: D.-C.-C.-S.-~1985--~1: CONSPIRACY OF THE PERSONS WITH THE TITLE--~42: D.-C.-C.-S.--~1985--~2: OBSTRUCTING WITH THE EVIDENCE and: WITNESSES BY THE TITLE--~18: D.-C.-C.-S.--~1001: FRAUDULENT-MODIFICATIONS OF THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-EVIDENCE WITH THE TITLE--~42: D.-C.-C.-S.--~1985--~3: BLOCKING WITH THE WITNESSES and: EVIDENCE BY THE TITLE--~18: D.-C.-C.-S.--~1001 WITH THE FRAUDULENT-MODIFICATION-SYNTAX-GRAMMAR-COMMUNICATIONS OF THE CAUSING WITH THE PARTICIPATION OF THE TITLE--~18: D.-C.-C.-S.-~1961: RACKETEERING, WITH THE TITLE--~18: D.-C.-C.-S.--~3: PARTICIPATING-CRIME and: CRIMINAL-VIOLATIONS and: TITLE--~18: D.-C.-C.-S.--~4: MISPRISON WITH THE FELONY OF THE DOCUMENT-EVIDENCE WITHIN THE D.-C.-F.-P.-V.-F.-C.-V. BY THE FRAUDULENT-VASSALEE.

**~38** FOR THE GOVERNMENTS'-POSSESSIONS OF THE EQUITY-MONEY-LOSS **ARE** WITH THE CORRRECTION-CLAIM OF THE C.-S.-S.-C.-P.-S.-G.-CONTRACT-DOCUMENTATION WITH THE QUI-TAM-LAWSUITS-CLAIM OF THE VASSALEES-DEFENDANT-AUTOGRAPH-VIOLATION-LIABILITIES, RECKLESS-VOLITION WITH THE CORPORATION-CASE OF THE C.-S.-S.-C.-P.-S.-G.-FACTS WITH AN EVIDENCE-STANDARD OF THE CONTRACTING-DUTY-ELEMENTS WITH THE VIOLATORS-LOST-POSITION BY THE FOUR-TIMES-MONEY-DAMAGES and: CIVIL-FINES OF THE FALSE-CLAIM, FRAUD and: MISLEADING-STATEMENTS: C.-S.-S.-C.-P.-S.-G.-TITLE--~15: DOCUMENT-CONTRACT-CLAIMS-SECTION--~1692--~E, OF THE PENALTY: C.-S.-S.-C.-P.-S.-G.-TITLE--~15: DOCUMENT-CONTRACT-CLAIMS-SECTION--~78--~FF WITH THE $25-MILLION-FINE OF THE THIRTY-PERCENT WITH THE COLLECTION-EQUITY-REWARDS OF THE BENEFIT WITH THE **QUI-TAM**-CLAIMANTS'-WITNESSING and: PERFORMANCE-WORK-CONSOLIDATION OF THE CERTIFIED-EVIDENCE and: C.-S.-S.-C.-P.-S.-G.-OPERATIONAL-LAWS WITH THE THIRTY-FIVE-PERCENT OF THE EQUITY-FUNDS-COVERED WITH THE VASSALEES'-NOW-TIME-FACTS OF THE PAYMENT WITH THE SUCCESSFUL-PLAINTIFF'S-EXPENSES OF THE CORPORATION-CASE WITH THE PLOYMENT-SECURITY OF THE C.-S.-S.-C.-P.-S.-G.-STATMENTS WITH THE SENIORITY-STATUS, SPECIAL DAMAGES, and: DOUBLE-BACK-PAY BY THE EVIDENCE-CONFESSION-WRONG-DOER-VASSALEES.

**~39** FOR THE LAWS OF THE QUI-TAM **ARE** WITH THE CONTRACT-DOCUMENT-CO-OPERATION-JOINING-CLAIM OF THE CLAIMANTS'-SUING WITH THE DOCUMENT-EVIDENCE-C.-S.-S.-C.-P.-S.-G.-PROOF OF THE CRIMINAL-VIOLATION FOR THE FEDERAL-ATTORNEY-GENERAL OF THE /CRIMINAL-QUANTUM-VOLITION WITH THE PROOF OF THE SOLUTIONAL-MATHEMATICAL-SYNTAX-GRAMMAR-COMMUNICATION-OPERATIONS WITH THE FRAUD and: CONDITION OF THE MIND WITH THE CONTRACT-DUTY: **TITLE-~42: D.-C.-C.-S.--~1986** WITH THE CLAIMANTS'-KNOWLEDGE OF THE D.-C.-F.-P.-V.-F.-C.-V.-CRIMES WITH THE STOPPING AND: CORRECTING OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-FILING-CLAIMS AS THE 'WHISTLE-BLOWER-ACTION' BY THE CONTRACTING-CLAIMANTS.

**~40** FOR THE DUTY-AUTHORITY-TREATY OF THE ATTORNEY-GENERAL'S-POWERS **ARE** WITH THE **C.-S.-S.-C.-P.-S.-G.**-CONTRACT-DOCUMENTATION-CLAIM OF THE FORCE/POWER WITH THE BILLS OF THE LADINGS WITH THE DOCUMENT-EVIDENCE OF THE MATERIAL-CRIMINAL-VIOLATIONS WITH THIS CORPORATION-CASE OF THE **D.-C.-F.-P.-V.-F.-C.-V.**

**~41** FOR AN ORIGINAL-CLAIMS OF THE C.-S.-S.-C.-P.-S.-G.-FALSE-CLAIMS-ACT **ARE** WITH THE PERSON'S-CONTRACT-EQUITY-KNOWLEDGE OF THE LIABILITY-DAMAGE-CLAIM WITH THE FRAUDULENT-MONETARY-GAINS OF THE FRAUDULENT-CONTRACT-PAYMENT WITH THE FRAUDULENT-GOVERNMENT-GUISE WITH THE FALSE-EQUITY-TRANSFER-CLAIM OF THE PAYMENT-OUT or: FINANCIAL-GAIN-IN or: WITH THE PERFORMANCE-KNOWLEDGE, or: C.-S.-S.-C.-P.-S.-G.-PERFORMANCE-CLAIM BY THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENTS or: FRAUDULENT-PARSE-SYNTAX-GRAMMAR-STATEMENT BY THE CLAIMING-PERSON or: WITH THE CONTRACTING-PERSONS-CONSPIRING BY THE C.-S.-S.-C.-P.-S.-G.-FALSE-CLAIMS-ACT or: WITH THE FRAUDULENT-CERTIFYING OF THE TYPE, KIND, or: AMOUNT OF THE CONTRACT WITH THE CERTIFYING-PARSE-SYNTAX-GRAMMAR-CONTRACT-KNOWLEDGE BY THE **D.-C.-F.-P.-V.-F.-C.-V.**-AUTHORITY.

**~42** FOR THE CLAIMANTS'-KNOWLEDGE OF THE GOVERNMENTS'-CRIMINAL-MONEY-PAYMENTS(OUT) or: CRIMINAL-MONEY-CONSPIRACY-COLLECTION-CLAIMS **ARE** WITH THE GOVERNMENTS'-DAMAGE-CLAIM OF THE WRONG-DOER'S-VASSALEES-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENT-CONTRACT WITH THE FALSE or: FRAUDULENT-CONTRACTS and: FALSE-CONTRACT-CLAIMS BY THE WRONGDOER-PERSONS.

**~43 FOR THE SUPPORTING-TERMS OF THE DOCUMENT-CLAIMS ARE WITH THE C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE-TERMS.**

~1 FOR THE **D.-C.-C.-~4**: FOR THE PROCESS OF THE VESSEL ~a WITH THE SUMMONS, ~b WITH THE FORM, ~c WITH THE VESSEL OF THE CLAIMS WITH THE VASSALEES, ~d WITH THE SUMMONS and: COMPLAINT WITH THE 21-DAYS-CORRESPONDENCE-BACK TO THE FEDERAL-COURT-VENUE, **~g** WITH THE JOINING-PROOF OF THE VESSEL WITH THE **D.-C.-F.-P.-V.-F.-C.-V.**-CLERK. **~h**: FEDERAL-COURT-VENUE-SCHEDULING-45-DAY-TRUST-TIME-LIMIT AND: THREE-DAY-RESCISSION-TIME-CLAIMS: TITLE-~15: D.-C.-C.-S.-~1636-A.

~2 FOR THE **D.-C.-C.-~5** = WITH THE **VESSEL**: ~a WITH THE QUIREMENT; **~d** WITH THE CLAIMS OF THE FILING; **~e** FOR THE FILING BY THE FEDERAL-COURT-VENUE-PORT-CLERK **IS** WITH THE VESSEL-CLAIMS OF THE PERSON OVER AN AGE OF THE 18-YEARS and: NOT IN THE MATTER OF THE CORPORATION-CASE.

~3 FOR THE **D.-C.-C.-~6** = WITH THE TIME: **~a** WITH THE COMPUTATION-MONDAY-THROUGH-FRIDAY-CASES and: CONTINUANCE WITH THE **D.-C.-F.-P.-V.-F.-C.-V.**; ~d WITH THE COMPLAINTS and: STATEMENTS **ARE** WITHIN THE VESSEL OF THE FIVE-DAYS-CLAIMS-NOTICES WITH THE TRIAL BY THE CLAIMANTS and: ONE-DAY-VESSEL WITH THE VASSALEES'-TRIAL.

~4 FOR THE D.-C.-C.-~7 = WITH THE **PLEADINGS**: ~a WITH THE PLEADINGS IN THE **C.-S.-S.-C.-P.-S.-G.**; **~b** WITH THE COMPLAINT OF THE **C.-S.-S.-C.-P.-S.-G.**-CLAIMS **IS** WITH THE DAMAGES BY THE **C.-S.-S.-C.-P.-S.-G.**-CORRECTION-SOUGHT.

~5 FOR THE **D.-C.-C.-~9** = WITH THE **PLEADINGS-SPECIAL** **~b** WITH THE CLAIMS OF THE FRAUDS **ARE** WITH THE CONDITION, WILL and: VOLITION OF THE MIND; **~e** WITH THE CLAIMS OF THE FACT IN THE **C.-S.-S.-C.-P.-S.-G.**-CLAIM, **~f** WITH THE NOW-TIME and: NOW-PLACE, **~g** WITH THE NOW-TIME-FACTS IN THE **C.-S.-S.-C.-P.-S.-G.**, **ARE** WITH THE DAMAGE-CLAIMS BY THE VASSALEES.

~6 FOR THE **D.-C.-C.-~8** = WITH THE CLAIMS OF THE **PLEADINGS**: **~a** WITH THE CLAIMS OF THE DAMAGES BY THE COMPENSATION-WAGES, MONEY, and: EQUITY-VALUE-LAND-**C.-S.-S.-C.-P.-S.-G.**-CORRECTIONS; **~b** WITH THE **C.-S.-S.-C.-P.-S.-G.**-CLAIM; **~c** WITH AN OATH-CLAIM IN THE **C.-S.-S.-C.-P.-S.-G.**, **~d** WITH THE FAILURE OF THE CORRECT-FACTS = :PERJURY, FRAUD, LIES, FICTION, PRESUMPTIONS, ASSUMPTIONS, OPINIONS, MODIFICATIONS ; **~e** WITH THE PLEADINGS BY THE CONCISE-MEANINGS and: TERMS OF AN ONE-THOUGHT IN every SENTENCE WITH THE CERTIFICATION OF THE CORRECT-POSITIONAL-LODIAL-FACT-PHRASE WITH EACH FACT and: 'FOR THE **ONE-VERB-'THINKING' IS** IN EVERY SENTENCE'.

~7 FOR THE **D.-C.-C.-~10**: FOR THE **FORM OF THE PLEADING IS** WITH THE CLAIMS OF THE CAPTIONS IN THE CORRECT-FACTS, **~b** WITH THE NUMBERING OF THE SENTENCES or: PARAGRAPHS and: PAGES; **~C** WITH THE BONDING-(GLUEING, STITCHING or: MECHANICAL-RIVETTING) OF THE CORPORATION-CASE.

~8 FOR THE **D.-C.-C.-~11:** FOR THE FRIVOLOUS-FILINGS OF THE WITNESS'S-PLEADINGS **IS** WITH THE DAMAGE-CLAIM OF THE SANCTION WITH THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION BY THE **D.-C.-F.-P.-V.-F.-C.-V.**

**~9** FOR THE CAUSE OF THE D.-C.-C.-~9-~b, D.-C.-C.-~12-b, D.-C.-C.-~56-~d, and: D.-C.-C.-~7 FOR THE DUE-PROCESS; and: WITH AN EQUAL-GUARANTEE OF THE TITLE-~42: D.-C.-C.-S.-~1985-~2 WITH THE DAMAGE OF THE CORRECT-FACTS BY THE CLAIMANTS'-WITNESSING and: FACT-EVIDENCE.

~10 FOR AN AUTOGRAPH OF THE LEGAL-FEDERAL-COURT-VENUE-**C.-S.-S.-C.-P.-S.-G.**-CORRECTION **IS** WITH THE **C.-S.-S.-C.-P.-S.-G.**-LAW-DOCUMENT OF THE FIVE-DAY-TIME-LIMIT or WITH THE SANCTIONS.

~11 FOR THE **DURESS**: FOR AN ILLEGAL-PURPOSE/THREAT OF THE PERSON'S-COMPLIANCE WITH THE THREAT OF THE VIOLENCE, PAIN or: LOSS OF THE FREEDOM BY THE PRISON WITH THE MENTAL or: FINANCIAL-HARM BY THE COERCING: **TITLE-~28 CHAPTER-~85: D.-C.-C.-S.-~1359**. (Controversial-force).

~12 FOR THE SUMMARY-CORRECTIONS OF THE DOCUMENT-CLAIM-LIST: DOCUMENT-CLAIMS-~12-b:..

~13 FOR THE **D.-C.-C.-~12~-b-~7** OF THE JOINING **ARE** WITH THE CLAIMS OF AN AUTHORITY-VENUE WITH THE 'LAW OF THE FLAG'.

~14 FOR THE **D.-C.-C.-~12-~b-~6** OF THE NOW-TIME-C.-S.-S.-C.-P.-S.-G.-PLEADINGS **ARE** WITH THE C.-S.-S.-C.-P.-S.-G.-FACTUAL-CLAIMS BY THE C.-S.-S.-C.-P.-S.-G.-DOCUMENTS.

~15 FOR THE D.-C.-C.-**~12-~b-~5** WITH THE CORRECT-PROCESS/LIVERY OF THE CASE-DOCUMENTS **ARE** WITHIN THE **C.-S.-S.-C.-P.-S.-G.**-CERTIFICATION OF THE FEDERAL-COURT-VENUE-CLERK WITH THE **C.-S.-S.-C.-P.-S.-G.**-PAPERWORK-CLAIM BY THE DOCKETING-VESSEL'S-FEDERAL-COURT-VENUE.

~16 FOR THE D.-C.-C.-**~12-~b-~4**: CORRECT-VESSEL OF THE PAPERWORK **IS** WITH AN AUTOGRAPH-CANCELATION ON THE FEDERAL-POSTAL-VESSEL-STAMP and: END-DORSEMENT ON THE TOP OF THE COVER-PAGE-BACK and ON THE DOCKETING-PORT-STAMP OF THE FEDERAL-COURT-VENUE.

~17 FOR THE D.-C.-C.-**~12-~b-~3**: **C.-S.-S.-C.-P.-S.-G.**-VENUE OF THE FEDERAL-COURT-VENUE-FILINGS **IS** WITH THE C.-S.-S.-C.-P.-S.-G.-CLAIM BY THE DOCKETING-FEDERAL-COURT-VENUE-DOCUMENT.

~18 FOR THE **LAW OF THE FLAG ARE** WITH THE CLAIM OF THE SANCTION WITH THE FOREIGN-VENUE-MODIFICATION WITH THE COLOR, OBJECT or: SHAPE OF THE FACTS WITH THE FRAUDULENT-MODIFICATION.

~19 FOR THE TRAPS IN THE TITLES, NAMES, DATES, CASE-NUMBERS, ITALIC-WORDS, BOXING and: TITLE-SITES **ARE** WITH THE FICTION-GRAMMAR-FORMAT BY AN AUTOGRAPH-CONFESSION.

FOR THE COPYCLAIM-COPYRIGHT-~6-~NOVEMBER-~2012, BY THIS FEDERAL-JUDGE: David-Wynn: Miller and: CLAIMANTS: **Patrick: Ferguson &: Mary-L.: Ferguson** OF THE **D.-C.-F.-P.-V.-F.-C.-V.. ~RE581697565US**

7



~20 FOR THE **D.-C.-C.-~12-~b-~2:** FOR THE FEDERAL-COURT-VENUE OF THE **CORPORATION-CASE IS** WITH THE CLAIM OF THE **C.-S.-S.-C.-P.-S.-G.**-PORT-JOINING-FEDERAL-COURT-VENUE-AUTHORITY BY THE DOCUMENT-TERMS-VENUE.

~21 FOR THE D.-C.-C.-~**12-~b-~1**: FOR THE KNOWLEDGE OF THE **C.-S.-S.-C.-P.-S.-G.**-FACTS **ARE** WITH THE CLAIMS OF THE FACTS WITH AN AUTHORITY-CORPORATION-CASE BY THE DOCUMENT-TERMS.

~22 FOR THE TITLE-~18: D.-C.-C.-S.-~1621: PERJURY OF AN OATH **IS** WITH AN USE OF THE COERCION: **TITLE-~28: D.-C.-C.-S.-~1359** FOR THE 'RAPE'(TAKING) OF THE PERSON'S-FREEDOM WITH THE TITLE-~18: D.-C.-C.-S.-~4: PRISON BY A FICTION-FELONY-PLEADING WITH THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR and: TITLE-~18: D.-C.-C.-S.-~3 WITHIN THE PARTICIPATION BY THE CRIMINAL-FRAUDLENT-PARSE-SYNTAX-GRAMMAR-DOCUMENTS.

~23 FOR THE **FALSE-SWEARING**: FOR THE FIRST-STATEMENT-TIME-LIMITATIONS OF THE NOW-TIME.

~24 FOR THE ADJECTIVES, PRONOUNS or: ADVERB-MODIFIERS IN THE FRAUDULENT-GRAMMAR-FORMAT **ARE** WITH THE **PERJURY**-CLAIM: **TITLE-~18: D.-C.-C.-S.-~1621 BY** A FRAUDULENT-GRAMMAR-CONTRACT.

~25 FOR THE LEGAL-NECESSARY-ELEMENT OF THE FEAR **ARE** WITH THE TORT-CLAIMS OF THE WRITING WITH THE **TITLE-~42: D.-C.-C.-S.-~1985-~3.**

~26 FOR THE **RACKETEERING** OF THE OVER-POWERING-FORCES **ARE** WITH THE FRAUDULENT-FINANCIAL-CLAIM OF THE THREAT WITH THE TOTAL-LOSS BY THE MOVING-PERSON(S).

~27 FOR AN **ADJECTIVE** OF THE COLORFUL-OPINION **IS** WITH THE MODIFICATION OF THE FACT, WITH THE TWO-OR-MORE-FACTS-JOINING WITH THE LAST-FACT OF THE FACT-PHRASE **IS** WITH THE CHANGING OF THE FIRST-FACT INTO AN ADJECTIVE and WITH THE ADJECTIVE-CHANGES OF THE SECOND-FACT-WORD WITH THE PRONOUN-PARSE-SYNTAX-GRAMMAR.

~28 FOR THE **D.-C.-C.-~24:** FOR THE TITLE-~28: D.-C.-C.-S.-~2403 OF THE DOCUMENT-VESSEL **ARE** WITH THE **C.-S.-S.-C.-P.-S.-G.**-CHALLENGE OF THE DOCUMENT-FACTS.

~29 FOR THE D.-S.-C.-C.-~7 OF THE DUE-PROCESS-CLAIM and WITH THE TITLE-~42: D.-C.-C.-S.-~1985-~2 WITH AN EQUAL-GUARANTEE OF THE LAW: D.-C.-C.-~12-b-~7, ~1, ~2, BY THE VASSALEES.

~30 FOR THE TITLE-~18: D.-C.-C.-S.-~1621: FOR THE PERJURY-CONDITION OF THE PERSON'S-VOLITION **IS** WITH THE PAYMENT-WAGE-CLAIM BY THE FRAUD-PARSE-SYNTAX-GRAMMAR-WRITINGS.

~31 FOR THE PERSON'S-KNOWLEDGE OF A DOCUMENT-PARSE-SYNTAX-GRAMMAR **IS** WITH THE DAMAGE-CLAIM OF THE CONTRACT-PAPER-DOCUMENT WITH THE PAYMENT or: WAGES WITH THE PARSE-SYNTAX-GRAMMAR-FRAUD: **D.-C.-C.-~9-~b** BY THE BREACH.

~32 FOR THE **D.-C.-C.-~38-a:** FOR THE TRIAL BY THE TWELVE-PERSON-JURY **IS** WITH THE SAME-PLANE-CLAIM OF THE SUMMARY-CORRECTION WITH THE **C.-S.-S.-C.-P.-S.-G.-NOW-TIME-D.-C.-F.-P.-V.-F.-C.-V.**~33 FOR THE D.-C.-C.-~**41-~a**: VOLUNTARY-WITHDRAW OF THE FILED-COMPLAINT **ARE** WITH THE PARSE-SYNTAX-GRAMMAR-ERROR-CLAIM OF THE GRAMMAR-CORRECTION WITH THE TITLE-~42: D.-C.-C.-S.-1986, BY THE CLAIMANTS.

~34 FOR THE **TITLE-~18: D.-C.-C.-S.-~242-~1** FOR THE 2-OR-MORE-PERSON OF THE COMING-TOGETHER WITH THE VOIDING OF THE CORRECT-PARSE-SYNTAX-GRAMMAR-DOCUMENT AS THE FIDUCIARIES OF THE **D.-C.-F.-P.-V.-F.-C.-V.** OF THE LAW, STATUTE, ORDINANCE, REGULATION, IN THE DOCUMENT-**CORPORATION-FEDERAL-COURT-VENUE** WITH THE TWO-DIFFERENT-PUNISHMENTS, PAINS, PENALTIES or: TREATMENT ON AN ACCOUNT OF THE PERSON-BEING-FOREIGN = **(NO PUNCTUATION** IN THE **DEAD-NAME)** = **FRAUD/FOREIGN**, or BY THE CLAIMS OF THE PERSON'S-COLOR, RACE, FAITH, or: SEX **ARE** WITH THE CLAIMS BY THE DOCUMENT-PUNISHMENT.

~35 FOR THE D.-C.-C.-~**50**: FOR THE NEW-TRIAL OF THE **FRAUD-PARSE-SYNTAX-GRAMMAR-CASE IS** WITH THE **'WRIT OF DE NOVO'** BY THE **C.-S.-S.-C.-P.-S.-G.-QUO-WARRANTO-COMPLAINT**.

~36 FOR THE D.-C.-C.-~54: FOR THE CLAIMS OF THE SUMMARY-DOCUMENT-CONTRACT **IS** WITH THE **C.-S.-S.-C.-P.-S.-G.**-CORRECTIONS BY THE FEDERAL-JUDGE: David-Wynn: Miller.

~37 FOR THE D.-C.-C.-~55: OF THE FAULTS OF THE CORRECT-PARSE-SYNTAX-GRAMMAR WITH THE TIME-LIMIT-PARTICIPATION **ARE** WITH THE FAILURES OF AN ANSWERING WITH THE VASSALEES'-PLEADINGS OF THE **C.-S.-S.-C.-P.-S.-G.**, WITH THE **D.-C.-F.-P.-V.-F.-C.-V.**-TERMS.

~38 FOR THE D.-C.-C.-~56: FOR THE SUMMARY-CORRECTIONS IN THE **C.-S.-S.-C.-P.-S.-G. ARE** WITH THE DAMAGES-CLAIMS OF THE **C.-S.-S.-C.-P.-S.-G.**-PLEADINGS.

~39 FOR THE D.-C.-C.-~57: FOR THE CLARATORY-VENUES OF THE DAMAGES **ARE** WITH THE CLAIMS OF THE PHYSICAL-EVIDENCE-DAMAGES WITH THE **C.-S.-S.-C.-P.-S.-G.**-FACTS BY THE PERFECT-FACT-EVIDENCE.

~40 FOR THE **RACKETEERING** OF AN ORGANIZATION-CONSPIRACY **IS** WITH THE COMMITMENT OF THE CRIMES WITH THE TORT/COERCION, RAPE or WITH THE COERCION OF THE LIFE, PARTY, PERSON, and DOCUMENT or: CORPORATION WITH THE POINT OF THE COVERY WITH AN ENGINEERING-DAMAGE BY THE TORT-PERSONS.

~41 FOR THE TITLE-~42: D.-C.-C.-S.-~1986: KNOWLEDGE OF THE DOCUMENT-DUTIES **IS** WITH THE CLAIM OF THE WRONG-PARSE-SYNTAX-GRAMMAR-COMMUNICATIONS BY THE **C.-S.-S.-C.-P.-S.-G.**-DOCUMENT.

~42 FOR THE **POSITIONS**: **FOR, OF, WITH, BY, THROUGH, IN &: ON ARE** WITH THE NOW-TENSE-AUTHORITY-VENUE-POSITIONAL-LODIAL-FACT-PHRASE WITH THE NOW-TIME-AUTHORITY.

~43 FOR THE **PRONOUN-PARSE-SYNTAX-GRAMMAR-VOID**: FOR THE PRONOUN OF THE FICTION **IS** WITH THE TERMS AS A TRAP IN THE FICTIONAL-COURTROOM WITH THE FICTION-VOID-COMMUNICATIONS.

FOR THE COPYCLAIM-COPYRIGHT-~6-~NOVEMBER-~2012, BY THIS FEDERAL-JUDGE: David-Wynn: Miller and: CLAIMANTS: **Patrick: Ferguson &: Mary-L.: Ferguson** OF THE **D.-C.-F.-P.-V.-F.-C.-V.. ~RE581697565US**

8



~44 FOR THE LAWYER or: ATTORNEY OF THE DOCUMENTING-VESSELS **IS** WITH THE DAMAGE-CLAIM OF THE **C.-S.-S.-C.-P.-S.-G.**-FAILURE, LOSS or: DAMAGES BY THE DOCUMENTS.

~45 FOR THE **BIAS**: FOR AN OPINION-LEANING-TOWARDS-ONE-SIDE OF THE MATTER/CAUSE/FACT IS WITH THE CONVICTION BY A WRONG-OPINION.

~46 FOR THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR OF THE CLOSING-COSTS and: DOWN-PAYMENT **IS** WITH THE FOUR-TIMES-MONEY-DAMAGE WITH THE CLAYTON-ACT(1914) DUE TO THE CLAIMANTS.

~47 FOR THE TREATMENT OF THE PERSON'S-QUALITY **IS** WITH THE DAMAGE-CLAIM OF THE FAVORING-ONE-PERSON OVER-ANOTHER-PERSON WITH A CONSPIRACY. [TITLE--~VII OF THE ~1964: CIVIL-RIGHTS-ACT]

~48 FOR THE JUDGE'S-KNOWLEDGE OF THE FACTS **ARE** WITH THE DUTY-CLAIM OF THE CORPORATION-DOCUMENT IN THE **C.-S.-S.-C.-P.-S.-G.**, WITH THE CLAIMS OF THE PERSONS, or CORPORATIONS WITH THE KNOWLEDGE OF THE PARSE-SYNTAX-GRAMMAR-WORD-MEANINGS WITH THE DOCUMENT-AUTHORITY OF THE PEACEFUL-DUTY WITH THE JUDGE, POSTMASTER, BANK-BANKER, and: CLERK AS THE FIDUCIARY-PERSON.

~49 FOR THE **'TORT'** OF THE DOCUMENT-WRONGS **ARE** WITH THE CONSPIRACY OF THE DUTY, PERSON, and: DOCUMENT or: CONSTITUTION BY THE FIDUCIARY'S-KNOWLEDGE OF THE WRONGFUL-PARSE-SYNTAX-GRAMMAR OF AN ACTUAL-THREATENING, FEAR, or WITH THE DOCUMENT-CLAIM: **TITLE--~18: D.-C.-C.-S.--~871.**

~50 FOR THE DAMAGING OF THE PERSON/SELF or: EQUITY **IS** WITH THE DAMAGE-CLAIM OF THE CONSPIRACY IN THE **TITLE--~42: D.-C.-C.-S.--~1985--~1**, WITH THE ONE-OR-MORE-PERSON'S OF THE CIVIL-CONSPIRACY-DAMAGE WITHIN THE DOCUMENT-EVIDENCE.

~51 FOR THE **TITLE--~42: D.-C.-C.-S.--~1985--~2**: FOR THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION OF THE CORRECT-COMMUNICATION-FACTS, BY THE THREATENING OF THE WITNESS **ARE** WITH THE TWO-OR-MORE-PERSONS BY THE CONSPIRING and:/or: THREATENING OF THE PERSON WITHIN THE FEDERAL-COURT-VENUE-TESTIFYING-MATTER'S-PENDING TESTIFYING, or: CONVINCING OF THE VERDICT or: CLAIM OF THE JUROR-MEMBER, or WITH THE DAMAGING OF THE JUROR WITHIN THE PERSON-SELF-VALUES'-CLAIM OF THE VERDICT WITH THE JUROR-DUTY OF THE TWO-OR-MORE-PERSONS-CONSPIRACY WITH AN OBSTRUCTING BY THE CORRECT-DOCUMENT-FACTS.

~52 FOR THE TITLE**--~42: D.-C.-C.-S.--~1985--~3:** FOR THE BIAS OF THE VESSEL-DOCUMENT **IS** WITH THE PERSON-CLAIM OF THE DOCUMENT-TERRITORY WITH THE CONSPIRING OF THE GUISE, WITH THE VACATING, EITHER THE DIRECTION OF THE PERSON or: CLASS OF THE PERSON'S-EQUAL-GUARANTEE OF AN **EQUAL-**DOCUMENT-CLAIM WITH THE HINDRANCE OF THE DOCUMENT-AUTHORITY WITH THE JUDGE/ATTORNEY/PERSONS IN THE PERSON'S-CONSPIRACY OF THE THREATENING-PERSON WITH THE VOTE-GIVING OF THE PERSON-SUPPORT/ADVOCACY IN THE LEGAL-MANNER.

~53 FOR AN AUTHORITY-VENUE OF THE DOCUMENT-FACTS **ARE** WITHIN THE FEDERAL-COURT-VENUE-DOCUMENT-CLAIMS OF THE CORRECT-LODIAL-[ARTICLE] WITH THE CLAIMS OF AN AUTHORITY-VENUE WITH THE CORRECT-POSITIONAL-LODIAL-FACT-PHRASE IN THE NOW-TIME-TENSE WITH THE LODIAL-[ARTICLE] IN THE NOW-TIME-TENSE-FACT WITH THE WORDS OF THE SENTENCE.

~54 FOR THE **'BREACH'** OF THE COMMISSION, OMISSION, DOCUMENT-DUTY, AUTHORITY OR FIDUCIARY'S-CONTRACT-TERMS **ARE** WITH THE DAMAGE-CLAIM BY THE NEGLIGENT-PERSON.

~55 FOR THE CLAIMANTS'-DAMAGE-CLAIMS BY THE VASSALEES'-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENTS **ARE** WITH THE VACATING-CLAIM OF THE FRAUDULENT-DOCUMENTS WITH THE SANCTIONS AGAINST THE VASSALEES and WITH AN WAGE-EQUITY-CLAIM OF THE **$1,059,660.00** WITH THE CARETAKER-TRUSTEE and: CUSTODIAN OF THE WAGES-PAYABLE TO THE CLAIMANTS.

~56 FOR THE FAILURE OF THE TWENTY-ONE-DAY-WRITTEN-CORRESPONDENCE WITH THE THREE-DAY-RESCISSIONS-ACT-TIME-GRACE **ARE** WITH THE CLAIMANTS'-DAMAGES OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR WITH THE C.-S.-S.-C.-P.-S.-G.-**TITLE--~15: D.-C.-C.-S.--~1631**, and: C.-S.-S.-C.-P.-S.-G.-**TITLE--~15: D.-C.-C.-S.--~1639-A:** THREE-YEAR-WRITTEN-CORRECTION-CORRESPONDENCE OF THE **RESCISSION-ACT** WITH THE CRIMINAL-EQUITY-DAMAGE-CLAIM OF THE **TITLE--~15: D.-C.-C.-S.--~1692-~e** BY THE FRAUD and: MISLEADING-DAMAGES-STATEMENTS: **TITLE--~15: D.-C.-C.-S.--~78-~ff**, [CORPORATION-CRIMINAL-PENALTY- OF THE [$25-MILLION-DOLLARS] BY THE FEDERAL-ATTORNEY-GENERAL.

~57 FOR THE WAGES-DUE-**START-TIME-DATE--~30--~MARCH--~2007** THROUGH THE **NOW-TIME-GUARDIAN-TRUSTEE-CARETAKER**-WAGES-'NOW-TIME-DUE': **$87,400.00** PER-YEAR WITH THE **$1,059,660.00-TOTAL-WAGES-DUE BY THE CLAIMANTS: Patrick: Ferguson &: Mary-L.: Ferguson.**

**~58 FOR THE CORPORATION-CASE OF THE QUO-WARRANTO-COMPLAINT IS WITH THE PERPETUAL-CONTINUANCE-CLAIM BY THE D.-C.-F.-P.-V.-F.-C.-V.**

: Patrick: Ferguson [signature] **:Patrick: Ferguson.**

: ______ **:Mary-L.: Ferguson.**

: David-Wynn: Miller ~6~November~2012 [signature] :SEAL: David-Wynn: Miller,

FOR THE COPYCLAIM-COPYRIGHT--~6--~NOVEMBER--~2012, BY THIS FEDERAL-JUDGE: David-Wynn: Miller and: CLAIMANTS: **Patrick: Ferguson &: Mary-L.: Ferguson** OF THE **D.-C.-F.-P.-V.-F.-C.-V., ~RE581697565US**



:BONDED:

:C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE-FLAG. $1.STAMP

FOR THIS **GOLD-CERTIFICATE** OF THIS **EQUITY-LIS-PENDENS-CLAIM IS** WITH THIS **EQUITY-GOLD-CERTIFICATE-VALUE-LIEN-CLAIM** BY THE **CLAIMANTS.**

**: REGISTERED-MAIL-CORPORATION-CASE-NUMBER--~RE581697565US.**

**:Patrick: Ferguson &: Mary-L.: Ferguson. ~528--~FORT-WASHINGTON-AVENUE,--~FORT-WASHINGTON,--~PENNSYLVANIA--~19034.**

**~1** FOR THIS DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-REGISTRATION-**CORPORATION-CASE-NUMBERS--~RE581697565US** OF THIS CLAIM **IS** WITH THE FINANCIAL-SECURITY-HOLDING-CLAIM OF THE **GUARDIAN-TRUSTEE-LOCATION-~528--~FORT-WASHINGTON-AVENUE,--~FORT-WASHINGTON,--~PENNSYLVANIA--~19034,** WITHIN THIS NOW-TIME-DATE OF THE **C.-S.-S.-C.-P.-S.-G.-WRIT OF THE FAULT-DOCUMENT-CONTRACT-CLAIM.**

**~2** FOR THE CLAIMANTS'-KNOWLEDGE OF THIS GOLD-CERTIFICATE-EQUITY **IS** WITH THIS CLAIM OF THE EQUITY-VALUE WITH THE TIME-STAMP-CLAIM OF THIS MEASURMENT-VALUE WITH THE **TROY-OUNCE-.999-FINE-GOLD-COIN** AT THE **RATE: $1600.00-PER-TROY-OUNCE** WITH THE MERCANTILE-GOLD-COMMODITIES OF THIS CLAIMS-PAYMENT WITH THE REAL-PROPERTY OF THE CLAIMANTS'-GUARDIAN-CARETAKER-TRUSTEE-WORKING-WAGES.

~3 FOR THE **CLAIMANTS'**-GUARDIAN-CARETAKER-TRUSTEE OF AN OATH **ARE** WITH THE **C.-S.-S.-C.-P.-S.-G.**-CLAIM BY THE CLAIMANTS.

**~4** FOR THE FACTS ON THE FILE-STAMP-NOW-TIME-DATE **ARE** WITH THE AUTHORIZATION-CLAIMS OF THE CLAIMANT' WITH THE C.-S.-S.-C.-P.-S.-G.-TRANSFER OF THE LAND and: BUILDING-EQUITY WITH THE GOLD-CERTIFICATE-LIS-PENDENS-LIEN-VALUES OF THIS **DOCUMENT-CONTRACT-LOCATION:~528--~FORT-WASHINGTON-AVENUE,--~FORT-WASHINGTON,--~PENNSYLVANIA--~19034.**

**~5** FOR THE NOW-TIME-FACTS OF THE FACTS **ARE** WITH THE CLAIM OF THE GUARDIAN-CARETAKER-TRUSTEE-AUTHORIZATION BY THE CLAIMANTS.

**~6** FOR THE **CLAIMANTS: Patrick: Ferguson &: Mary-L.: Ferguson** OF THIS GOLD-VALUE-EQUITY-CERTIFICATE-VESSEL **IS** WITH THE CONTRACT-CLAIMS OF THE COMMUNICATIONS-PARSE-SYNTAX-GRAMMAR WITH THE TITLE--~42: D.-C.-C.-S.--~1986 WITH THIS **C.-S.-S.-C.-P.-S.-G.-WRIT OF THE FAULT-DOCUMENT-CONTRACT-CLAIM-RULE--~55.**

**~7** FOR THE **CLAIMANTS': Patrick: Ferguson &: Mary-L.: Ferguson's**-CONTRACT AS THE GOLD-CERTIFICATE-HOLDER **IS** WITH THE GOLD-CERTIFICATE-CLAIM OF AN AUTHORIZATION WITH AN AUTOGRAPH-FAULT-VENUE BY THE DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE-CLERK WITH AN AUTHORITY AS THE DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE-JUDGE WITH THE **NOW-TIME-DATE** OF AN EQUITY-VALUE-CLAIM LESS THE DEBTS and: LIENS OF THE BORROWED-EQUITY-VALUES-HEREIN-TITLE-FILE-COPIES IN THE **C.-S.-S.-C.-P.-S.-G.-'MORTGAGE'.**

**~8** FOR THIS **LIS-PENDENS-LIEN** OF THE HEREIN-EQUITY **IS** WITH THE **EQUITY-VALUE-CARETAKER-GUARDIAN-TRUSTEE'**S-CLAIM BY THE CERTIFICATE-HOLDER: **Patrick: Ferguson &: Mary-L.: Ferguson** ON THE DATE-NOW-TIME-FILE-STAMP-DATE--~2012.

: Patrick Ferguson **:Patrick: Ferguson.**

: **:Mary-L.: Ferguson.**

:FILING-CLERK:____________________.:SEAL:

:CLAIM OF THE TERMS: DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE=(D.-C.-F.-P.-V.-F.-C.-V.) :D.-C.-C.-S. = DOCUMENT-CONTRACT-CLAIMS-SECTION.

~ = :LOCATION-TILDE

:C.-S.-S.-C.-P.-S.-G.= CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR.

FOR THE BREACH OF THE **C.-S.-S.-C.-P.-S.-G. IS** WITH THE VIOLATION-DAMAGE-CLAIMS OF THE TITLE--~18: D.-C.-C.-S.--~1001 and: TITLE--~15: D.-S.-C.-S.--~1692--~e WITH THE FINE-PENALTY $25-MILLION OF THE FICTITIOUS-USE OF THE BANK-BANKING-COMMUNICATIONS-CLAIMS WITH THIS TITLE--~18: D.-C.-C.-S.--~1341 and: OF THE MAIL-FRAUD WITH THE USAGE OF THE FICTION-PERSON-NAME: TITLE--~18: D.-C.-C.-S.--~1342 WITH THE TORT-DAMAGE BY THE VASSALEE.

FOR THE COPYCLAIM-COPYRIGHT--~6--~NOVEMBER--~2012, BY THIS FEDERAL-JUDGE: David-Wynn: Miller and: CLAIMANTS: **Patrick: Ferguson &: Mary-L.: Ferguson** OF THE D.-C.-F.-P.-V.-F.-C.-V.. ~RE581697565US

10

:BONDED:
:C.-S.-S.-C.-P.-S.-G.-FLAG OF THIS DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE.

FOR THIS **DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE (D.-C.-F.-P.-V.-F.-C.-V.** OF THE **PENNSYLVANIA-TERRITORY** IS WITHIN THE **FEDERAL-COURT-VENUE-BUILDING**

**:REGISTERED-MAIL-CORPORATION-CASE-NUMBER--~RE581697565US.**

**FOR THIS LIS-PENDENS OF THIS 'WRIT OF THE FAULT-DOCUMENT-CONTRACT-CLAIM'-RULE--~55 IS WITH THE QUO-WARRANTO-COMPLAINT-DAMAGE-CLAIMS BY THE VASSALEES'-EVIDENCE.**

**: Patrick: Ferguson &: Mary-L.: Ferguson. [528-~FORT-WASHINGTON-AVENUE,-~FORT-WASHINGTON,-~PENNSYLVANIA-~19034]**
**:David-Wynn: Miller.** :FEDERAL-JUDGE-CLAIMANT.[~5166-NORTH-~63,-~MILWAUKEE,-~WISCONSIN-~53218] FOR THE KNOWLEDGE OF THE PARSE-SYNTAX-GRAMMAR AGAINST THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR BY THE BONDED-EVIDENCE.
**:CLAIMANTS: :CONTEST-~VS.**
**CREDIT SUISSE FINANCIAL CORPORATION-[~302-Carnegie-Center,-~Princeton,-~New-Jersey-~08540. :VASSALEE:**

FOR THIS C.-S.-S.-C.-P.-S.-G.-QUO-WARRANTO-COMPLAINT-FAULT-DOCUMENT-CONTRACT-CLAIMS OF THIS D.-C.-F.-P.-V.-F.-C.-V. **ARE** WITH THE VASSALEES'-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENT-EVIDENCE BY THESE **CLAIMANTS: Patrick: Ferguson's &: Mary-L.: Ferguson's-CARETAKER-GUARDIAN-TRUSTEE-EQUITY-WAGES-CLAIM OF THIS $1,059,660.00-SECURITY WITH THE** THREE-HUNDRED-**AND-SIX-WEEKS-WAGE'S-CLAIMS AGAINST THE LAND and: BUILDINGS-LOCATION--~528-~FORT-WASHINGTON-AVENUE,-~FORT-WASHINGTON,-~PENNSYLVANIA-~19034, WITH THE START-DATE-~30-~MARCH-~2007**

**:TERMS OF THE C.-S.-S.-C.-P.-S.-G.-NOW-TIME-VESSEL-FEDERAL-COURT-VENUE-DOCUMENT:**

**:VASSALEE (WORD-MEANS) VASSAL**=SERVANT OF THIS CONTRACT, **EE**=PLOYEE-CONTRACT.
:C.-S.-S.-C.-P.-S.-G.= CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR.
**:D.-C.-C.** = **'DOCUMENT-CONTRACT-CLAIM'**, WITH THIS VESSEL-FEDERAL-COURT-VENUE.
**:D.-C.-C.-S.** = FOR THE DOCUMENT-CONTRACT-CLAIMS-SECTION = FOR THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-WORD-CORRECTIONS OF THE FEDERAL-**TITLES** and: FEDERAL-**CODES** WITH THE FRAUDULENT-SYNTAX-GRAMMAR-MODIFICATION-GRAMMAR/CODES.
**:CONTRACT-VESSEL** = FOR THE CONTRACT-JOINING OF THE PERSON'S-COMPLIANCE **IS** WITH THE CORPORATION-CLAIM BETWEEN THE TWO-OR MORE-PARTIES.
**:D.-C.-F.-P.-V.-F.-C.-V.=: DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE** = FOR THE CORPORATION OF THE TWO-OR-MORE-PERSONS BY THE CONTRACT-CLAIM.
**:NOW-TIME-TENSE** = **:C.-S.-S.-C.-P.-S.-G.**
**:CONJUNCTION:** '&-and': = ALSO, COMMAND, **'OR'** = OPTION, EITHER.
**:FRAUDULENT** = :MODIFICATION, PERJURY, OPINION, GUESSING, *PRESUMPTION, ASSUMPTION,* ILLUSION.
**:LODIAL =[ARTICLE]** FOR THE **SPECIFIC** = A, AN, THE, THIS, THESE.
**:POSITION** = FOR, OF, WITH, BY, THROUGH, IN, ON, AGAINST.
**:VASSALEE** = FOR THE **SERVANT-EMPLOYEE** OF THIS COMPLAINT-CONTRACT.
**:VERB** = FOR THE THINKING-MOTION OF A THOUGHT = **IS** = SINGULAR, **ARE** = PLURAL.
**:VESSEL** = FOR THE MARITIME :ORIGINAL-LOCATION.
**:VOLITION** = FOR THE **CLAIMANTS'**-KNOWLEDGE OF THE FACTS **IS** WITH THE CAUSE-CLAIM OF THE MOTION-THINKING WITH THE VESSEL OF THE C.-S.-S.-C.-P.-S.-G.-NOW-TIME-VESSEL-FEDERAL-COURT-VENUE-DOCUMENT-COMMUNICATIONS.

~0 FOR THE **TITLE-~28: D.-C.-C.-S.-~1331** OF THE COMPLIANCE-CLERK'S-DUTY WITH THE AUTOGRAPHING OF THE **FEDERAL-POSTAGE-STAMP** IS WITH THE DOCKING-CLAIM OF THE FAULT-DOCUMENT-CONTRACT-CLAIM-VESSEL-COMPLAINT WITH THIS CORPORATION-CASE-NUMBER BY THIS **DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE: TITLE-~28: D.-C.-C.-S.-~1361** OF THE **C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE-CLERK-JUDGE** WITH THE FORTY-FIVE-DAY-TRUST-LAW-CLAIM AND: THREE-DAY-RESCISSION-LAW-COMPLETE WITH THE CLERK'S-AUTHORITY BY AN AUTOGRAPHING WITH THIS FAULT-CONTRACT-CLAIM-AUTHORITY.



**FOR THE CAUSES OF THIS FAULT-DOCUMENT-CONTRACT-CLAIM WITH THE QUO-WARRANTO-COMPLAIMT:**

**~1** FOR THE CLAIMANT-JUDGE'S-KNOWLEDGE OF THE C.-S.-S.-C.-P.-S.-G.-CORRECTIONS WITH THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-'MORTGAGE'-DOCUMENTS **ARE** WITH THE **CLAIMANTS'**-EVIDENCE-CLAIMS OF THE BONDED-EVIDENCE-FACTS-SUMMARY-CORRECTION-AUTHORITY: **TITLE--~42: D.-C.-C.-S.--~1986** AGAINST THE WRONG-PARSE-SYNTAX-GRAMMAR BY THE VASSALEE.

**~2** FOR THE VOLITION BY THE FALSIFICATION, CONCEALMENT and: COVER-UP **IS** WITH THE FACTUAL-EVIDENCE-CLAIMS and: CONFESSION OF THE TRICKS and SCHEMES WITH THE VASSALEES'-FRAUDULENT-PARSE-SYNTAX-GRAMMAR BY THE VASSALEE'S-MORTGAGE-DOCUMENT.

**~3** FOR THE TREATY OF THE **C.-S.-S.-C.-P.-S.-G. ARE** WITH THE **POSITIONAL-LODIAL-FACT-PHRASES**, NOW-TIME-FACTS OF THE **POSITION**=ALPHABET-WORD-TERMS-MEANING, **'LODIAL'** = POSSESSIVE-[ARTICLE] and: FACT = CLAIM-FACT, and: VERBS: **IS=SINGLAR**, and: **ARE=PLURAL**, WITH THE SINGLE-IDEA-CONTENT-SENTENCE OF THE FACTS BY AN AUTHOR'S-CLOSURE-VOLITION.

**~4** FOR THIS FEDERAL-JUDGE'S-SYNTAX-GRAMMAR-KNOWLEDGE OF THE **TITLE--~42: D.-C.-C.-S.-~1986 IS** WITH THE CORRECTION-EVIDENCE: 'MORTGAGE' BY THE NUMBERING-KEY-CODED-WORDS SUMMARY-CORRECTIONS OF THE FRAUDULENT, MODIFICATION, OPINIONS, PRESUMPTIONS, ASSUMPTION and: FRAUDULENT-WORD-TERM-WRONGS WITH THE TWO-OR-MORE-VERBS and: VOID-FACTS BY THE VASSALEES-FRAUDULENT-SENTENCE.

**~5** FOR THIS CORPORATION-CASE OF THE ORIGINAL-QUO-WARRANTO-COMPLAINT **IS** WITH THE PERPETUAL-CONTINUANCE-CLAIM BY THE D.-C.-F.-P.-V.-F.-C.-V.

**~6** FOR THE VASSALEE'S-WRITTEN-VOLITIONS BY THE FRAUDULENT-DOCUMENT-**FEDERAL-HOUSING-AUTHOTITY-PENNSYLVANIA-STATE:** 'MORTGAGE' **ARE** WITH THE EVIDENCE-DAMAGE-CLAIMS OF THE TITLE--~**42: D.-C.-C.-S.--~1986** WITH THE KNOWLEDGE OF THE FRAUDULENT-SYNTAX-GRAMMAR-DOCUMENT WITH THE FRAUDULENT-SYNTAX-GRAMMAR-CAPTURE-ORDER AGAINST THE **CLAIMANTS'**-SURETY-VALUE.

**~7** FOR THE CLOSURE-FRAUD OF THE VASSALEE'S-WRONG-WORD-MEANINGS and WITH THE CLOSURE-FRAUD OF THE SENTENCE-STRUCTURES **ARE** WITH THE VIOLATIONS-CLAIMS OF THE **TITLE--~18: D.-C.-C.-S.--~1001:** FRAUDULENT-PARSE-SYNTAX-GRAMMAR and: **TITLE--~15: D.-C.-C.-S.--~1692--~e,** WITH THE FRAUD-WRITINGS and: MISLEADING-WRITTEN-STATEMENTS WITH THE **FRAUD-PENALTY-FEE: TITLE--~15: D.-C.-C.-S.--~78--~ff**[$25-MILLION-DOLLAR-FINE] **and** WITH THE **TITLE--~18: D.-C.-C.-S.--~1621: PERJURY OF AN OATH** WITH THE VENUE, ACTING, TAKING, PRACTICING, NOTIONS, MOTIONS/ACTIONS BY EACH VASSALEE, PERSON, ATTORNEY, LAWYER or: JUDGE.

**~8** FOR THE PARSE-SYNTAX-GRAMMAR-FRAUD OF THE PRONOUNS, ADJECTIVE-PRONOUN and: ADVERB-MODIFYING-NOUN-VERBS = GERUND-NOUNS **ARE** WITH THE MODIFICATION and: OPINION-CLAIMS OF THE F.-G.-ADJECTIVE-FRAUDULENT-USE-DEAD-NAME = **PSEUDONYM** WITH THE MAIL-FRAUDS OF THE TITLE--~18: D.-C.-C.-S.--~1342 WITH EACH VASSALEE'S-SUMMARY-EVIDENCE BY THE CLAIMANTS.

**~9** FOR THE BREACH OF THE **REGISTRATION-CORPORATION-CASE-NUMBER--~RE581697565US IS** WITH THE BREACHES OF THE **TITLE--~29: D.-C.-C.-S.--~701,** WITH THE POLICY OF AN EQUAL-PARSE-SYNTAX-GRAMMAR-DUTY-CONTRACT WITHIN THE **D.-C.-F.-P.-V.-F.-C.-V.** WITH THE **TITLE--~42: D.-C.-C.-S.--~1986** WITH THE C.-S.-S.-C.-P.-S.-G.-CORRECTION BY THE CLAIMANTS.

~10 FOR THE SECURITY OF THE C.-S.-S.-C.-P.-S.-G.-FACTS **ARE** WITH THE CLAIMS OF THE **D.-C.-F.-P.-V.-F.-C.-V.-REGISTERED-CORPORATION-CASE-NUMBER--~RE581697565US** WITH AN AUTHORITY-VENUE BY THE **D.-C.-F.-P.-V.-F.-C.-V.-DOCKETING-VESSEL-COMPLAINT.**

~11 FOR THE CLAIMANTS'-KNOWLEDGE OF THE CLOSURE-CLAIM ARE WITH THE ONE-VENUE-PARSE-SYNTAX-GRAMMAR-AUTHORITY-CLAIMS OF THIS FRAUDULENT-GRAMMAR-EVIDENCE BY THE VASSALEES.

**~12** FOR THE FEDERAL-JUDGE AS A SAFEGUARDING-WITNESS **IS** WITH THE DUTY-CLAIM AGAINST THE **TITLE--~29: D.-C.-C.-S.-701** WITH THE HANDICAPPING-COMMUNICATION-FRAUDS OF THE HANDICAPPING-CLAIMANTS WITH THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-'MORTGAGE'-WRITING **BY** THE 'DISABILITIES-ACT-VIOLATION-CLAIM WITH THE CONTEMPT, APARTHEID, BIAS, CONTRACT-TREASON and/or: RAPE BY THE FORCE or: INTIMIDATION WITH THE FRAUDULENT-GRAMMAR-COURT-OPINION or: FORCED-JOINING BY THE VASSALEES-FRAUDULENT-'MORTGAGE'.

**~13** FOR THE FRAUDULENT-USE OF THE PARSE-SYNTAX-GRAMMAR-WORD-MODIFICATIONS **ARE** WITH THE DAMAGE-CLAIMS OF THE FACTS AS THE GERUND-VERBS, PRONOUNS or: ADJECTIVES WITH THE PERJURY OF AN OATH WITH THE SAFE-GUARDING OF THE CLAIMANTS: **Patrick: Ferguson &: Mary-L.: Ferguson.**

**~14** FOR THE CLAIMANTS'-KNOWLEDGE OF THE CLOSURE-CLAUSES: CONTRACT-CLAIMS--~26-~e: CLOSURE-PORTING OF THE D.-C.-C.--~60--~b: COVERY-EVIDENCE-FACTS **ARE** WITH AN AUTHORITY OF THE **TITLE--~42: D.-C.-C.-S.--~1986** WITH THE KNOWLEDGE OF THE **C.-S.-S.-C.-P.-S.-G.** WITH THE DAMAGE-CLAIM BY THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENTS.

**~15** FOR THE **TITLE--~42: D.-C.-C.-S.--~1985--~1** OF THE TWO-OR-MORE-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-FILINGS **ARE** WITH THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-CLAIMS OF THE CONSPIRACY BY THE VASSALEES and WITH THE CROSS-CLAIMS OF THIS **TITLE--~18: D.-C.-C.-S.-~241:** CRIMINAL-CONSPIRACY-CODE WITH THE DAMAGE-CLAIM OF THE CONTRACTING-VASSALEES WITH THE CORPORATION-SUPPORT OF THE FRAUDULENT-JUDGE'S-PARSE-SYNTAX-GRAMMAR-ORDERS.

**~16** FOR THE **PREFIX = FUTURE-TIME 'TO', 'PRE' and: SUFFIX = PAST-TIME:, 'ED', 'FROM' IS** WITH THE VIOLATION OF A NOW-TIME-CLAIM.

**~17** FOR THE **TITLE--~42: D.-C.-C.-S.--~1985--~2** OF THE BLOCKING-FEDERAL-COURT-VENUE **ARE** WITH THE MODIFICATION-VOID-LAW OF THE FRAUDULENT-GRAMMAR-WORD-MEANING WITH THE CLOSURE OF THE VASSALEE'S-WORD-TERMS WITH THE FRAUDULENT-OPINION, MODIFICATION, PRESUMPTION AND ASSUMPTION AGAINST THE CLAIMANTS BY THE VASSALEE'S-MORTGAGE.

**~18** FOR THE **CLAIMANTS'**-EVIDENCE OF THE BLOCKING-PLEADINGS **ARE** WITH THE DAMAGE-CLAIM OF THE **TITLE--~42: D.-C.-C.-S.--~1985--~3** WITH THE VASSALEE'S-MORTGAGE BY THE CLAIMANTS.

**~19** FOR THE **CLAIMANTS'**-KNOWLEDGE OF THE FACTS IS WITH THE EQUITY-DAMAGE-CLAIM OF THE LOSS WITH THE **Patrick: Ferguson's &: Mary-L.: Ferguson's**-CARETAKER-GUARDIAN-TRUSTEE-WAGES: **$1,059,660.00,** WITH THE FOUR-TIMES-DOWN-PAYMENT-CASH, WITH THE TOTAL-MONIES-DUE-CLAIMANTS FOR THE HOUSE and: LAND-ADDRESS-**~528--~FORT-WASHINGTON-AVENUE,--~FORT-WASHINGTON,--~PENNSYLVANIA--~19034,** WITH THE TIME-DATE--**~30--~MARCH--~2007,** TO THE NOW-TIME WITH THE PAYMENT OF THE SWEAT-EQUITY AT THE MINIMUM-CARETAKERS-GUARDIAN-TRUSTEES-WAGES WITH EVERY DAY-(24-HOUR) OF THE CARETAKERS-GUARDIAN-TRUSTEES-WAGES WITH THE **PENNSYLVANIA**-STATE-LABOR-RATE OF THIS FILE-STAMP WITH THE LOAN SERVICE CORPORATION-FINANCIAL-INSTITUTION-PARSE-SYNTAX-GRAMMAR-LIABILITIES BY THE VASSALEES-BANK-FRAUD-CONFESSIONS.

**~20** FOR THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-FRAUD-EVIDENCE OF THE EVIDENCE-FRAUDULENT-COMMUNICATION-'MORTGAGE'-DOCUMENT **IS** WITH THE PERJURY, BANK-FRAUD and: MONEY-THEFT BY THE FRAUDULENT-'MORTGAGE' WITH THE EQUITY-DAMAGE-CLAIM OF THE TITLE-~15: D.-C.-C.-S.-1692--~e BY THE FRAUD and: MISLEADING-STATEMENT-DAMAGES: TITLE--~15: D.-C.-C.-S.--~78--~ff WITH THE CRIMINAL-PENALTIES OF THE [$25-MILLION-DOLLARS] BY THE ATTORNEY-GENERAL-C.-S.-S.-C.-P.-S.-G.-FALSE-CLAIMS-ACT and WITH THE SANCTIONS AGAINST THE VASSALEES WITH THESE **CLAIMANTS'**-WAGES and: EQUITY-CLAIM-DUE: **$1,059,660.00** WITH THE WAGES and: LOSS BY THE GUARDIANS-TRUSTEES-WAGES-PAYABLE TO THE **Patrick: Ferguson &: Mary-L.: Ferguson** WITH THIS **D.-C.-F.-P.-V.-F.-C.-V.-FAULT-DOCUMENT-CONTRACT-CLAIM-RULE~55.**

**~21** FOR THE CLAIMANTS'-KNOWLEDGE OF THE FRAUDULENT-COMMUNICATION **IS** WITH THE DAMAGE-CLAIMS OF THE TITLE-COMPANY'S-CLOSING-ATTORNEY WITH THE KNOWLEDGE OF THE **C.-S.-S.-C.-P.-S.-G.**-SKILLS BY THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-'MORTGAGE'-DOCUMENTS.

**~22** FOR THE **TITLE--~18: D.-C.-C.-S.--~641,** WITH THE TAKING or: STEALING OF THE GOVERNMENT-PAYROLL-LABOR-MONEY WITH THE BOXING-VOID-WORD-VACATING, ITALIC-WORD-VACATING WITH THE FALSE-DOCUMENT-FILING INTO THE COUNTY-RECORDERS-FILES BY THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-'MORTGAGE'-DOCUMENTS BY THE BANK, OR: COUNTY-SHERIFF-FORCE-EVICTION WITHOUT THE C.-S.-S.-C.-P.-S.-G.-LODIAL-TITLE or: C.-S.-S.-C.-P.-S.-G.-MORTGAGE-DOCUMENT-CONTRACT-WRITTEN-PAPERS.

**~23** FOR THE WORD-PATTERNS OF THE WORD-TERMS **ARE** WITH THE DAMAGE-CLAIMS OF THE 100%-WORD-ERRORS and: WRONG-WORD-PARSE-SYNTAX-GRAMMAR-MEANINGS WITH THE SENTENCE-STRUCTURING BY THE VASSALEE'S-FRAUD-GRAMMAR-DOCUMENTS.

**~24** FOR THE **C.-S.-S.-C.-P.-S.-G.-WRIT OF THIS POSSESSION' WITH THE LAND AND: BUILDING-SALVAGE-CLAIM: TITLE--~46: D.-C.-C.-S.--~781 ARE** WITH THIS C.-S.-S.-C.-P.-S.-G.-ORIGINAL-AUTHORITY-VENUE-CLAIM BY THE **D.-C.-F.-P.-V.-F.-C.-V.**

**~25 FOR THE FAILURE OF THE FEDERAL-JUDGE'S-AUTOGRAPH WITHON THE FEDERAL-POSTAL-SERVICE-$1.00-STAMP AND WITH THE THREE-DAY-RESCISSION-ACT-CLAIM: TITLE--~15: D.-C.-C.-S.--~1636--~A: CLAIM OF AN AUTOGRAPH ON THE TOP-BACK OF THE FIRST-PAGE IS WITH THE WRIT OF THE FAULT-DOCUMENT-CONTRACT-CLAIM AFTER THE FEDERAL-COURT-FILE-STAMP AND: FORTY-FIVE-DAYS-FEDERAL-MARITIME-FEDERAL-POSTAL-VESSEL-TRUST-LAW AND: THREE-DAY RESCISSION-ACT: TITLE--~15: D.-C.-C.-S.--~1636--~A: CLAIM OF THE C.-S.-S.-C.-P.-S.-G-FAULT-DOCUMENT-CONTRACT-SUMMARY-CLAIM-RULE-FIFTY-SIX BY THE CLAIMANTS'-QUO-WARRANTO-COMPLAINT.**

: Patrick: Ferguson : **Patrick: Ferguson.**

: **:Mary-L.: Ferguson..**

: David-Wynn: Miller :SEAL: David-Wynn: Miller, FEDERAL-JUDGE

FOR THE COPYCLAIM-COPYRIGHT--6--NOVEMBER--2012, BY THIS FEDERAL-JUDGE: David-Wynn: Miller and: CLAIMANTS: **Patrick: Ferguson &: Mary-L.: Ferguson** OF THE D.-C.-F.-P.-V.-F.-C.-V.. ~**RE581697565US**

:EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5-Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, :PARSE-WORD-MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)

# MORTGAGE

NO 4

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated ~30-~MARCH-~2007 together with all Riders to this document.

(B)"Borrower is: PATRICK: FERGUSON & MARY-L. FERGUSON(HUSBAND & wife)

PROPERTY ADDRESS: ~528-FORT-WASHINGTON-AVENUE,-~FORT-WASHINGTON,-~PENNSYLVANIA-~19034

(C) LENDER IS: CREDIT SUISSE FINANCIAL CORPORATION

LENDERS ADDRESS:~302-CARNEGIE-CENTER,-~PRINCETON,-~NEW-JERSEY-~08540

LENDER IS A CORPORATION, STAE OF DELAWARE

(D) TRUSTEE: "NO-TRUSTEE"

(E) "MERS" :VACATED AS A NOMINEE BY THE ATTORNEY-GENERAL "~6~NOVEMBER~2010"
:CAUSE: (NEVER-RECEIVED-MONEY, NEVER-PAID-MONEY, NEVER-SIGNED A 'MORTGAGE' OR 'DEED OF TRUST'

(F) "NOTE", MEANS THE PROMISSORY NOTE SIGNED BY THE BORROWER AND DATED ~6-~JUNE~2002
THE NOTE STATES THAT BORROWER OWES LENDER $461,250.00, PLUS INTEREST.
BORROWER HAS PROMISED TO PAY THIS DEBT IN REGULAR PERIODIC PAYMENTS and to pay the debt

(G)"PROPERTY"MEAN THE PROPERTY that is described below under the heading "Transfer of Rights in the Property".

(H) :LOAN" Means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the note, and all sums due under this security instrument, plus interest.

(I)"RIDERS"means all riders to this security instrument that are executed by borrower the following rider to be executed by borrower:

[X] Adjustable Rate Rider
[ ] Balloon Rider
[ ] VA Rider
[ ] Condominium Rider
[ ] Planned Unit Development Rider
[ ] Biweekly Payment Rider
[ ] Second Home Rider
[ ] 1-4 Family Rider
[ ] Other(s) [specify] SECOND HOME RIDER

(J)"APPLICABLE LAW" means all controlling applicable federal, state and local statues, regulations, ordinances and administratrative rules and orders(that have the effect of law) as well as all applicable final, non-appealable judicial opinions

(k)"Community Association Dues, Fees and Assessments" means all dues, fees, assessments and other charges that are imposed on borrower or the property by a condominium association, homeowners association or similar organization.

( )"Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. such item includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

"ESCROW ITEMS" Means those items that are described in section 3.

PAGE~'1' AND '2':CONSOLIDATION OF THE SPACE-PAPER-SAVING

;EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5=Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, ;PARSE-WORD-MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property. DPV

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan. DPV

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of MONTGOMERY

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT

PROERTY-ADDRESS:~528-FORT-WASHINGTON-AVENUE,-~FORT-WASHINGTON,-~PENNSYLVANIA-~19034

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

:note: pages '2' and '3' are with the consolidation of an original-form-3039 for the saving-paper and space of the same-word-meanings and locations.

:EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5=Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, :PARSE-WORD-MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)

of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

Case 2:12-cv-06606-EL Document 1 Filed 11/26/12 Page 17 of 25

:EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5-Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, :PARSE-WORD-MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

:EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5-Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, :PARSE-WORD-MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

:EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5-Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, :PARSE-WORD-MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due. - DPV -

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

:EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5-Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, :PARSE-WORD-MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

Case 2:12-cv-06606-EL Document 1 Filed 11/26/12 Page 21 of 25

:EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5-Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, :PARSE-WORD-MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination. DPV

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender

NO

9.

:EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5-Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, :PARSE-WORD-MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)

to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy, including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.



:EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5=Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, :PARSE-WORD-MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action. DPV

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA





:EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5-Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, :PARSE-WORD-MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**:EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5-Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, :PARSE-WORD-MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)**

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.** DPV

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.** DPV

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable. DPV

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution. DPV

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

I. (a) PLAINTIFFS Credit Suisse Financial Corp.

DEFENDANTS Patrick: Ferguson.

(b) County of Residence of First Listed Plaintiff New York
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Montgomery
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. NATURE OF SUIT :FALSE-CLAIM-ACT: KNOWLEDGE &:CORRECTION OF THE FRAUD-SYNTAX-GRAMMAR

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☒ 370 Other Fraud
- ☒ 371 Truth in Lending
- ☒ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation

VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing
:TITLE~31:3729, TITLE~42~1986, :TITLE~18~1001,1002, :TITLE~15~1692-e,:TITLE~18~1621,:TITLE~29~CH~16-SEC~701

Brief description of cause:
FRAUDULENT-PARSE-SYNTAX-GRAMMER, FRAUD AND ; MISLEADING-STATEMENTS

VII. REQUESTED IN COMPLAINT: DEMAND $ CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

VIII. RELATED CASE(S) IF ANY JUDGE ______ DOCKET NUMBER ______

IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
(Place an "X" in One Box Only)

DATE :AUTOGRAPH OF THE CLAIMANT:______

NOV 26 2012

UNITED STATES DISTRICT COURT

EL

12 6606

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: :Patrick: Ferguson 528 Fort-washington Av. Fort-washington Pa. 19034

Address of Defendant: 1 Madison Ave - New York - New-York 10010

Place of Accident, Incident or Transaction: ______

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☐

Does this case involve multidistrict litigation possibilities? Yes☐ No☐

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) Truth in Lending

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, ______, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/26/12 :Patrick:Ferguson. PPSC

~~Attorney-at-~~Law Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

NOV 26 2012

DATE: ______ ______ ______

Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

EL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

CIVIL ACTION

v.

NO. 12 6606

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 11/26/12 | Patrick Ferguson | Pro Se |
|---|---|---|
| Date | ~~Attorney-at-law~~ | ~~Attorney for~~ |
| | | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

NOV 26 2012